NED WILKINS *v.* STATE COMPENSATION COMMISSIONER

(No. 8776)

Submitted September 7, 1938. Decided September 27, 1938.

*Clay S. Crouse,* for appellant.

*Clarence W. Meadows,* Attorney General, *Marlyn E. Lugar,* Special Assistant Attorney General, and *Mahan, Bacon & White,* for appellee.

FOX, JUDGE:

The petitioner, an employee of the New River Company, while in the course of his employment, on February 17, 1932 suffered a spinal injury for which he was compensated on a permanent disability rating, the last payment on his award being made on December 25, 1935. Early in the year 1936, petitioner communicated in writing with the Compensation Commissioner respecting his then physical condition, and while he did not specifically ask for additional compensation, he was subjected to further examination under the direction of the commis-

sioner, and the case seems to have been treated as one in which additional compensation was sought, for, on April 15, 1936, petitioner was advised by the commissioner that the examinations made before that date "indicated very definitely that you have been fairly compensated". On May 8, 1936, the commissioner, in effect, reiterated this statement, and further stated "Our action in your claim does not prevent your filing any competent medical evidence you care to file". On June 2, 1936, the petitioner filed the letter of a physician bearing on his then condition, on which no action was taken. On December 17, 1936, the then counsel for the petitioner wrote the commissioner asking that his letter be treated as the formal petition of the applicant for an increased award on his claim "in order to keep this claim open, after December 25th, 1936", and in which counsel stated that he expected to be out of his office from December 23 until after the first of the year, and that on his return he expected to file additional medical evidence. The answer to this letter, December 23, contains the following statement: "I note that this letter is to be considered as a petition for reopening and additional consideration of the claim, and that you shall file additional instruments in support thereof within a reasonable time." Subsequently, on June 1, 1937, additional medical evidence, in the form of statements of physicians, was filed; correspondence between the commissioner and present counsel for petitioner ensued; and finally, on November 15, 1937, the claim was disposed of by a letter written by the secretary of the commissioner, which we quote:

"The Commissioner has maturely considered the entire record in the above claim, and after a thorough review thereof, is of the opinion that he is without jurisdiction to consider upon their merits instruments filed by you on and after June 1, 1937, in support of application for additional compensation.

"It appears that the last payment under his permanent partial disability award was made in December, 1935, and that we cannot consider

Mr. Flanagan's letter of December 17, 1936, and our reply of December 23, 1936, as constituting an indefinite extension of time beyond the statutory period of one year to such an extent as would render admissable for consideration instruments filed six or seven months thereafter, and beyond the period within which any increase of compensation could be considered during our rate making period.

"This is, therefore, to advise you, as counsel for claimant, that the instruments submitted by you will not be considered upon their merits, and that the request for further consideration of the claim is declined on jurisdictional grounds."

An appeal was prosecuted from this ruling to the Compensation Appeal Board, and the commissioner's ruling affirmed, from which the petitioner appeals to this court.

Counsel for the employer and the Compensation Department rely upon three grounds to sustain the action of the Compensation Commissioner and the Appeal Board: (1) The letter of December 17, 1936, cannot be treated as a petition sufficient to toll the statute of limitations because it is indefinite; (2) Code, 23-4-16 prohibited the making of an award in the pending case after December 25, 1936; and (3) the Compensation Commissioner had power to refuse to consider the merits of the pending claim because of unreasonable delay in submitting evidence, or when the same was not presented so as to permit the making of an award within the one year limitation prescribed by law.

The section of the statute around which this controversy centers is Code, 23-4-16, which provides:

"The power and jurisdiction of the commissioner over each case shall be continuing, and he may from time to time, after due notice to the employer, make such modifications or changes with respect to former findings or orders as may be justified: Provided, that no further award may be made in fatal cases ex-

cept within two years after the death of the employee, or, in cases of non-fatal injuries, except within three years after payments for temporary disability shall have ceased and within one year after the commissioner shall have made the last payment in any permanent disability case.

"In any case where an injured employee under this section shall make application in writing for a further adjustment of his claim, the commissioner shall finally pass upon and determine the merits of such claim within ninety days after the filing thereof, and after such final determination the claimant shall have the right of an appeal as provided by article five of this chapter."

The first point for decision is that of the sufficiency of the letter of December 23, 1936, as the "application in writing" required in the section quoted above. We hold the letter sufficient. While it may be admitted that the better practice would have been to state the grounds upon which the application for additional compensation was based, and such a practice is suggested, yet the commissioner treated the letter as sufficient, or at least failed to question its sufficiency, and cannot now be heard to urge the question raised. The commissioner's letter of December 23, 1936, not only tacitly admitted the filing of the necessary application in writing, but impliedly consented to the filing of additional medical evidence after the beginning of the year 1937, and beyond the period within which it is now contended he had power to make an award. Whatever may be said of the force of the statute, literally and technically construed, it cannot be denied that the reply of the commissioner to the letter of petitioner's counsel served to create the impression that the application was treated as sufficient and that evidence in support of the claim filed after the end of the statutory period would be considered, and an award made or denied on the record as finally submitted.

This brings us to the question of the jurisdiction of the commissioner to make an award on the pending

claim after December 25, 1936. Construing Code, 23-4-16, this court held in *Madden* v. *Compensation Commissioner*, 113 W. Va. 576, 169 S. E. 170, that the jurisdiction of the commissioner to reopen a case ended after the expiration of the time in which the filing of a written application therefor was permitted thereunder, and under this holding we are led to treat the question as one of jurisdiction. The language of the statute is not that no application in writing for further compensation shall be filed, but that "no award shall be made" after the expiration of one year from the date of the last payment made on an original permanent disability award. Giving to the statute a literal meaning, the commissioner was without jurisdiction to make any award in the case after December 25, 1936.

But there are forceful considerations which raise the question of whether or not such literal construction is, under the circumstances, called for. We must give to the statute in question a liberal construction in favor of the claimant. We must not deprive him of the right to a hearing on the merits of his claim unless the language used in the statute compels us to do so. In this connection, it may be noted that Code, 23-4-16 supersedes Section 40, Chapter 15P, Code 1923, under which the continuing power and jurisdiction of the commissioner was not limited. The present statute was designed to limit the commissioner with respect to the time in which applications for a reopening of a case and the granting of further compensation could be made. This purpose, and the reasons therefor, are stated in *Reed* v. *Compensation Commissioner*, 112 W. Va. 524, 166 S. E. 282. If that was the purpose of the legislation, the same is substantially served by giving to the statute a construction which would permit an award upon an application in writing filed within the designated periods applicable to the different classes of claims. The statute as written requires the commissioner to pass upon and determine the merits of any claim within ninety days after the filing of an application in writing for a further adjust-

ment thereof, and thus strengthens the purpose to effect a speedy and final settlement of applications for readjustments. However, this requirement of the statute, while mandatory in form, should not be construed to affect the right of a claimant to have his case heard on its merits when he has presented his application within the period applicable to his claim, and his proof within the ninety-day period, and the commissioner has failed to act within the latter period; he would not be permitted to destroy his jurisdiction of the case by his failure to act.

On the other hand, a literal construction of the statute, which in this case would end the jurisdiction of the commissioner on December 25, 1936, eight days after claimant asked that his case be reopened, would in many cases result either in a lack of opportunity to properly investigate the claim and an award in the absence of a full development thereof, or a failure to act for lack of time to develop a case with consequent loss of jurisdiction. Such a construction cannot reasonably be held to have been within the intent of the legislature. Consideration of the merits of every claim, with reasonable time for investigation, must have been what was intended. If so, the inhibition against the making of any award on a claim filed within the statutory period would operate in many cases to render the effectuation of such intent impossible, and result, as in this case, in a possible denial of justice. We take judicial notice of the fact that in many instances cases under the compensation statute require months and even years for full and complete development. The filing of a claim for further compensation within the statutory period and partial but not complete development thereof within such period, with loss of jurisdiction by the commissioner during the progress of the case, would be an absurd result which the legislature certainly did not have in mind, and we feel warranted in holding that the statute in question should be given a construction which permits the commissioner to hear and pass upon any application in writing for a

further adjustment of a claim, if filed within the statutory period applicable to the nature of the claim filed. This construction was impliedly given to the statute in *Cook* v. *Compensation Commissioner*, 113 W. Va. 370, 168 S. E. 369, and falls well within the general rule governing the construction of statutes. Sutherland on Statutory Construction, secs. 489-490; 25 R. C. L., page 967; *Building & Loan Association* v. *Sohn*, 54 W. Va. 101, 46 S. E. 222; *Coal & Coke Ry. Co.* v. *Conley*, 67 W. Va. 129, 67 S. E. 613; *McVey* v. *C. & P. Tel. Co.*, 103 W. Va. 519, 138 S. E. 97.

It is contended that, even admitting that the letter of December 23, 1936, served to continue the jurisdiction of the commissioner, there was unreasonable delay in filing medical testimony and other proof. The answer to this is that, under the statute, it was the duty of the commissioner to finally pass upon and determine the merits of the claim within ninety days from the filing of the application in writing for a readjustment of the claim, and upon the record as then made up. Not having done so, he cannot now assert that his failure to act as the statute required destroyed his jurisdiction, especially when he later permitted the filing of additional evidence and delayed a decision on the case, as finally submitted, for almost six months.

The order of the Compensation Appeal Board will be reversed and the case remanded to the Compensation Commissioner for further hearing on its merits.

*Reversed; remanded.*