WILLIE LEMONS

*v.*

STATE COMPENSATION COMMISSIONER AND POCAHONTAS
FUEL COMPANY, INC.

(No. 11026)

Submitted January 14, 1959.     Decided March 10, 1959.

*Patrick J. Flanagan,* for appellant.

*Crockett & Tutwiler, Charles A. Tutwiler, H. R. Hawthorne,* for appellee.

HAYMOND, JUDGE:

This appeal, granted by this Court on November 10, 1958, upon the petition of the claimant, Willie Lemons, and involving his claim for permanent partial disability against the State Compensation Commissioner and his employer, Pocahontas Fuel Company, a corporation, is from an order of the Workmen's Compensation Appeal Board entered September 25, 1958. That order affirmed an order of the State Compensation Commissioner, entered May 23, 1958, which dismissed the claim of the petitioner for an additional award of permanent partial disability.

The claimant was severely injured in September 1952, while employed by· the Pocahontas Fuel Company at its Bishop mine in McDowell County. An initial award of fifteen per cent permanent partial disability was increased to twenty five per cent by the commissioner on April 5, 1956. The final payment of this award was received by the claimant on April 16, 1956.

By letter dated October 30, 1956, the claimant requested the commissioner to reopen and reconsider his

claim and to consider the letter as a petition for that purpose. In the letter the claimant stated that his condition had been gradually growing worse and that he was more disabled then than when last examined before he was awarded twenty five per cent permanent partial disability in April 1956, and was unable to perform any type of manual labor; and that he was being examined by a physician whose report would be filed when received. The letter also contained the request that the commissioner "hold" open the claim until the report of the examination could be received and filed.

The foregoing letter was received by the commissioner on April 3, 1957, which was within the period of one year from the date of the final payment of the previous award. The commissioner by letter dated April 10, 1957, acknowledged receipt on April 3, 1957 of the letter of the claimant and informed him that he would be granted a period of thirty days from April 3, 1957 within which to file the report of the examining physician, and that at the end of that period a ruling would be made upon the contents of the file in connection with his claim. Due to delay by the physician in completing and forwarding his medical report of the examination of the claimant on October 30, 1956, the report was not filed with the commissioner until May 15, 1957.

On May 20, 1957, the secretary of the commissioner informed the claimant by letter that his medical evidence had been received and considered, that he had made a proper showing to reopen his claim, and that the claim would be considered on its merits. On the same day the claimant was referred to another physician for examination. This physician examined the claimant and filed a report of his examination with the commissioner.

By order entered September 25, 1957, the commissioner granted the claimant an additional award of ten per cent and increased the previous award to thirty five per cent permanent partial disability. This award was protested by the claimant on the ground that it was inade-

quate and by the employer on the ground that the commissioner was without jurisdiction to grant the additional award. At a scheduled hearing at Welch on February 11, 1958, the employer moved the commissioner to dismiss the claim on the ground that the claim was barred by the provisions of Section 16, Article 4, Chapter 23, Code, 1931, as amended, and that the commissioner was without jurisdiction to grant any additional award to the claimant. By order entered May 23, 1958, the commissioner sustained the motion of the employer and dismissed the claim, and by its order of September 25, 1958, the Workmen's Compensation Appeal Board affirmed the order of the commissioner of May 23, 1958.

Section 16, Article 4, Chapter 23, Code, 1931, as amended, governing the jurisdiction of the commissioner, to the extent here pertinent provides that no further award may be made in case of nonfatal injuries on and after March 7, 1929, except within three years after payments of temporary benefits shall have ceased or within one year after the commissioner shall have made the last payment in any permanent disability case, and that "In any case in which an injured employee shall make application for a further adjustment of his claim, if such application be in writing and filed within the applicable time limit as prescribed herein, the commissioner shall pass upon and determine the merits of such application within thirty days after the filing thereof." The same section further provides that "If such application is based on a report of any medical examination made of the claimant and submitted by the claimant to the commissioner in support of his application, and the claim is opened for further consideration and additional award is later made, the *claim* shall be reimbursed for the expenses of such examination."

The foregoing statute requires the application for a further adjustment of the claim of an injured employee to be in writing and to be filed within one year after the commissioner shall have made the last payment in any

permanent disability case. The claimant fully complied with the foregoing requirements of the statute. His letter in which he requested the commissioner to reopen and reconsider his claim and to consider it as a petition to reopen and reconsider the claim is an application for a further adjustment of his claim within the meaning of the statute. *Wilkins* v. *State Compensation Commissioner*, 120 W. Va. 424, 198 S. E. 869. In that case a letter to the commissioner written by the attorney for the claimant contained the request that it be treated as the formal petition of the claimant for an increased award, and there, as here, the commissioner considered the letter as an application. In the opinion in that case this Court used this pertinent language: "We hold the letter sufficient. While it may be admitted that the better practice would have been to state the grounds upon which the application for additional compensation was based, and such a practice is suggested, yet the commissioner treated the letter as sufficient, or at least failed to question its sufficiency, and cannot now be heard to urge the question raised. The commissioner's letter of December 23, 1936, not only tacitly admitted the filing of the necessary application in writing, but impliedly consented to the filing of additional medical evidence after the beginning of the year 1937, and beyond the period within which it is now contended he had power to make an award."

The application of the claimant was in writing, stated facts which made a sufficient showing to reopen his claim, and was filed within one year after the final payment of the previous permanent partial disability award had been made by the commissioner. Even though the medical report was not filed until after the expiration of more than thirty days from April 3, 1957, the date the application was filed, this delay did not deprive the commissioner of his jurisdiction under the statute to pass upon and determine the merits of the application. *Wilkins* v. *State Compensation Commissioner*, 120 W. Va. 424, 198 S. E. 869. In that case, as here, the commissioner per-

mitted the medical evidence to be filed after the time fixed by the statute within which the commissioner was directed to pass upon and determine the merits of the application.

The report of the medical examination of the claimant, if not incorporated in or in some manner made a part of the application, is not the application required by the statute for a further adjustment of the claim of an injured employee. The only reference in the applicable section of the statute to a report of any medical examination of the claimant submitted by him in support of his application provides for his reimbursement for the expenses of the examination if the claim is reopened and an additional award is made. The statute does not require the claimant to file any report of a medical examination or, in express terms, fix or limit the time within any such report submitted by the claimant should be filed, except the direction that the commissioner shall pass upon and determine the merits of the application within thirty days after the application is filed. As it is clear that the report of a medical examination is not the application required by the statute, but is instead evidence in support of the application, the failure to file such report within thirty days after the filing of the application does not deprive the commissioner of the jurisdiction conferred upon him by the statute to pass upon and determine the merits of an application in writing which has been filed within the time limit prescribed by the statute.

The acceptance of the medical report and its consideration by the commissioner after the expiration of more than thirty days from the filing of the application was in effect a continuance of the hearing by the commissioner to enable him to consider the report in determining the merits of the application, and though the delay in determining the merits of the application upon it and the medical report beyond the thirty day period and until May 20, 1957, was contrary to the thirty day limitation fixed by the statute, such delay in the filing of the report

and in the determination of the merits of the application did not, in the light of the surrounding circumstances, which were singularly similar to those which existed in the *Wilkins* case, deprive the commissioner of jurisdiction to pass upon and determine the merits of the application. Of course, an injured employee who applies for a further adjustment of his claim and who intends to submit a report of a medical examination in support of the application should file his report within the thirty day period to receive the benefit of such report if the claim is determined by the commissioner within that period of time; but if the application is not passed upon and determined within the thirty day period and the report is subsequently filed and considered by the commissioner in his determination of the merits of the application, the commissioner does not, by reason of such delay, divest himself of jurisdiction to determine the merits of the application. *Wilkins* v. *State Compensation Commissioner*, 120 W. Va. 424, 198 S. E. 869.

Under Section 16, Article 4, Chapter 23, Code, 1931, as amended, the commissioner has jurisdiction to pass upon and determine the merits of an application of an injured employee for a further adjustment of his claim, if such application is in writing and is filed within one year after the commissioner has made the last payment in any permanent disability case; and the filing of a report of a medical examination of the claimant more than thirty days after the filing of his application and the determination of the merits of his application upon such application and report do not deprive the commissioner of jurisdiction to pass upon and determine the merits of such application. Section 16, Article 4, Chapter 23, Code, 1931, as amended, requires the commissioner to pass upon and determine the merits of any application for a further adjustment of any claim of an injured employee for permanent disability when such application is filed within one year after the date of the last payment on any permanent disability award made on such claim. *Wilkins* v. *State Compensation Commissioner*, 120 W. Va. 424, 198 S. E. 869.

The order of the Workmen's Compensation Appeal Board entered September 25, 1958, affirming the order of the State Compensation Commissioner entered May 23, 1958, and that order of the commissioner are reversed and set aside, and this claim is remanded to the commissioner with directions that he reopen the claim and pass upon and determine the merits of the application of the claimant for a further adjustment of his claim for permanent disability.

*Reversed and remanded with directions.*