RALPH M. HOSEY

*v.*

WORKMEN'S COMPENSATION COMMISSIONER *et al.*

(No. 12580)

Submitted September 13, 1966. Decided November 15, 1966.

*Jeter, Jeter & Jeter, James C. Jeter,* for appellant.

No counsel for appellees.

CALHOUN, JUDGE:

In this case, styled Ralph M. Hosey v. Workmen's Compensation Commissioner and Pardee and Curtin Lumber Company, the claimant, Ralph M. Hosey, has appealed to this Court from an order of the Workmen's Compensation Appeal Board entered on May 5, 1966, affirming an order of the Workmen's Compensation Commissioner entered on December 17, 1965, by which a previous award of workmen's compensation benefits in favor of the claimant was increased from fifty percent to sixty percent.

The basic question presented for decision is whether the appeal board erred in not making an award of total permanent disability benefits.

Ralph M. Hosey, the claimant, sustained an injury to his back and right hip on August 20, 1958, as a result of a "rock fall" while he was employed in the employer's coal mine in Webster County. While it is clear from the record that the claimant is physically unable to perform heavy manual labor, the appeal board was of the opinion that his disability is not wholly "injury-connected."

The claimant originally received an award of twenty percent. On subsequent reopenings, he received awards of thirty-five percent and fifty percent before he received the award of sixty percent from which he has prosecuted this appeal.

The claim was last reopened on June 16, 1965, upon reports of Dr. Joseph P. Seltzer and Dr. Harold H. Kuhn. Dr. Seltzer's report, dated May 28, 1965, recommended an additional five percent above the previous award of fifty percent. In his report he stated: "There seems to be objective worsening in this case. There is marked disability. This man is obviously unable to work. * * * I am unable to relate the neck complaints to the injuries sustained as from the objective point of view the findings are consistent

with this man's age." Dr. Kuhn examined the claimant on June 8, 1965, and recommended an additional award of five percent. In a report dated August 13, 1965, Dr. Robert S. Wilson stated: "There is evidence there has been gradual progressing of arthritis of the right hip, and a history of increased pain in the hip and back. * * *." He stated that, in his opinion, the claimant had a fifty-five percent permanent partial disability. In an X-ray report made by Dr. J. D. H. Wilson on August 9, 1965, he stated: "Examination of the right hip shows some degenerative arthritis of the right hip joint. When the present examination is compared with that of 1964 no significant change is noted in the amount of degenerative arthritis."

On September 1, 1965, the commissioner made an award of five percent in addition to the fifty percent award previously made. This finding was protested by the claimant and at a hearing held on November 5, 1965, the claimant introduced reports of Dr. C. W. Stallard, Dr. Harold H. Kuhn, and Dr. J. N. Kurish, D. O. In his report dated November 2, 1965, Dr. Kurish stated: "In my opinion patient is totally and permanently disabled from performing a regular and gainful occupation. He should have a disability rating of one hundred percent." The report also noted that an X-ray examination revealed severe arthritis of the entire spine and both hip joints. In a report dated October 26, 1965, Dr. Stallard stated: "It is my opinion that this patient's condition has grown progressively worse since my last examination. His pain has grown worse, the instability of the right lower extremity is worse and he cannot stoop or flex the spine. He has to have someone put his shoe on the right lower extremity. I know of no treatment at this time that will help this man. He is 66 years of age and probably could not pass a physical examination for any employment. However, a good deal of his trouble is due to his age and his arthritis of the spine. From the standpoint of doing any gainful occupation

or returning to the type of work he is used to doing before he was injured, he is totally and permanently disabled. I would suggest that his compensation be increased to 60 per cent." In his report dated October 13, 1965, Dr. Kuhn stated that "* * * this man could not do heavy manual work." On this state of the record, the commissioner made the award of sixty per-cent which was affirmed by the appeal board.

In its opinion, the appeal board summarized its finding as follows: "There is no doubt but that Claimant is unable to perform heavy manual labor, nor that no other type of job is available to those whose physical and mental condition and experience is such as is Claimant's. However, while this record convinces us that Claimant's condition, resulting from the compensable incident, has deteriorated it fails to convince us that all his disability is injury-connected. It is apparent, from comparing the various doctors' reports rendered over the period beginning in 1958, that Claimant's age (either 66 or 67) and an arthritic condition both have serious adverse effects upon him."

The claimant has a fourth grade education. He has had no work experience except heavy manual labor, including primarily work in coal mines, on a railroad and in the lumber industry. The record discloses that, at the time he was injured, he was working regularly, performing heavy manual labor in the coal mine and that he has not worked since that time. It is fairly apparent from the entire record, including the medical evidence, that the claimant is totally and permanently disabled from the standpoint of performing heavy manual work.

While it is unmistakably clear that the claimant's physical condition has grown progressively worse since the date of his injury, due, in a considerable measure at least, to his injury; and while it is clear that he is now unable to perform heavy manual labor as he did prior to the date of his injury, the fact remains that

there is no medical evidence in the record which would justify a finding that his present disability is due wholly to his injury. On the contrary, the medical evidence tends to disclose that the claimant's physical disability is not due wholly to his injury. When the appeal board made its decision, the claimant was sixty-six or sixty-seven years of age, more than seven years older than when he sustained his injury. There was no medical evidence before the appeal board from which it could have been determined with propriety and justification that the claimant's physical condition was due wholly to his injury and to the consequent aggravation of his preexisting arthritic condition.

It is evident from the record that the claimant's condition has grown progressively worse since the accident. This is evidenced by the fact that awards to him have been increased from time to time from twenty percent to sixty percent. Dr. Seltzer, in his report dated June 11, 1964, stated: "This man's pain and disability are due to traumatic arthritis involving the right hip area. This apparently has progressed and is getting worse and there is marked objectivity. There is secondary strain in the low back area * * *." In a report dated July 13, 1964, Dr. Robert S. Wilson stated: " * * * I am unable to state how much the injury has contributed to the arthritic changes which are present in the hip or back but the symptoms have apparently gradually increased and progressed from the time of his injury to this date and he dates his complaints to the injury of August 20, 1958. I feel that considerable amount of the osteoarthritis of the lumbar spine is secondary to the limited movement pelvic tilt which has been brought about by the osteo-arthritic changes in the right hip joint."

While the rule of liberality should be applied in a claimant's favor in appraising the evidence in a workmen's compensation case, the liberality rule cannot be applied so as to take the place of proper and satisfactory proof. The claimant must carry the burden

of proving his claim. *Deverick v. State Compensation Director,* 150 W. Va. 145, 144 S. E. 2d 498; *Hayes v. State Compensation Director,* 149 W. Va. 220, 140 S. E. 2d 443. This Court will reverse an order of the Workmen's Compensation Appeal Board which is not supported by the evidence and which for that reason is plainly wrong. *Ramey v. State Compensation Commissioner,* 150 W. Va. 402, pt. 2 syl., 146 S. E. 2d 579. Conversely, this Court will not reverse a finding of fact made by the appeal board unless such finding is plainly wrong. *Partlow v. Workmen's Compensation Commissioner,* 150 W. Va. 416, pt. 2 syl., 146 S. E. 2d 833. The ruling of the appeal board is justified by the evidence. We cannot say that the finding of fact is plainly wrong.

For reasons stated in this opinion, the order of the Workmen's Compensation Appeal Board dated May 5, 1966, is affirmed and this Court's decision is certified to the appeal board and to the compensation commissioner pursuant to the provisions of Code, 1931, 23-5-4, as amended.

*Affirmed.*