LANDON L. BACKUS

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER,
*and* UNION CARBIDE CORPORATION, *a corporation*

(No. 12892)

Submitted January 28, 1970.          Decided April 14, 1970.

*Franklin W. Kern,* for appellant.

*Benjamin D. Tissue,* for appellees.

CAPLAN, JUDGE:

This is an appeal by the claimant, Landon L. Backus, from an order of the Workmen's Compensation Appeal Board, dated September 10, 1969, wherein it affirmed an order of the Workmen's Compensation Commissioner.

The claimant, on March 22, 1957, while employed by Union Carbide Corporation and while in the course of such

employment, received a compensable injury. Upon filing a claim he received a permanent partial disability award in the amount of 23 per cent. Subsequent reopenings were granted and on two occasions he received additional awards of 5 per cent and 7 per cent, making his permanent partial disability rating 35 per cent. The final payment under the 7 per cent award was made to the claimant in March 1968. On February 12, 1969 counsel for the claimant forwarded a letter to the Commissioner wherein he stated that "in the last month or so the claimant has informed me that there has been an aggravation or progression of his condition and that in his opinion his disability has increased." He noted that the claimant had been examined by a doctor but that the report of that examination had not yet been received. Counsel then requested that his letter be considered as a petition for a reopening of the claim.

The record reveals that the above letter was received by the Commissioner on February 14, 1969. By letter dated April 7, 1969, upon which date the claimant had not yet submitted the medical report referred to by his attorney, the Commissioner informed the claimant "that proper showing for a reopening of your case has not been made." He therein notified the claimant that he had thirty days in which to appeal his ruling. A timely appeal to the Workmen's Compensation Appeal Board was thereafter filed by the claimant.

On July 16, 1969 the claimant transmitted to the Workmen's Compensation Appeal Board his "Motion To Reopen and To Remand," which motion was received by the Board on July 17, 1969. Attached thereto and made a part thereof was a report of Dr. Harold H. Kuhn of an examination of the claimant made on May 2, 1969. By an order dated September 10, 1969 the Board affirmed the April 7 order of the Commissioner which had denied a reopening of the claim. In its opinion the Board said: "The Board is of the opinion that it is not bound by any statutory provision to consider ex parte statements or reports in connection with appeals from rulings of the Commissioner on applications to reopen

cases." It then said the Commissioner's order was correct and affirmed it.

While the claimant assigns several errors he bases this appeal principally on his contention that the above-quoted language of the Board constitutes reversible error. This is a case in which a reopening of a claim is sought. As noted in Code, 1931, 23-5-1b, as amended, and as universally recognized by the authorities, the burden is upon the claimant to establish a prima facie cause for reopening a claim. *Eady v. State Compensation Commissioner*, 148 W.Va. 5, 132 S.E.2d 642; *Blevins v. State Compensation Commissioner*, 127 W.Va. 481, 33 S.E.2d 408; *Mason v. Workmen's Compensation Appeal Board*, 121 W.Va. 444, 4 S.E.2d 791. In the instant case, the Commissioner finding that the application failed to disclose progression or aggravation of the claimant's condition or a new fact not theretofore considered, notified the claimant that he had failed to establish a prima facie cause for reopening his claim. As noted herein the Commissioner had not received, prior to his ruling, the medical report in support of the claimant's petition for reopening. Had such report been received by the Commissioner prior to his decision, even though it had been submitted after the receipt of the petition, it would have been incumbent upon him to have considered it. *Lemons v. State Compensation Commissioner*, 144 W.Va. 171, 107 S.E.2d 362; *Wilkins v. State Compensation Commissioner*, 120 W.Va. 424, 198 S.E. 869.

Although Code, 1931, 23-4-16, as amended, provides that an application for a further adjustment of a claim shall be passed upon by the Commissioner within thirty days after the filing thereof, the *Lemons* case holds that a supporting medical report shall be considered by the Commissioner even if it is filed more than thirty days after the filing of the petition for reopening. That case does not, however, place any limitation of time for the filing of such report, except that it must be done prior to the Commissioner's decision on the petition for reopening. The *Lemons* case admonishes a claimant concerning a timely filing as follows: "Of course, an injured employee who applies for a further adjustment of

his claim and who intends to submit a report of a medical examination in support of the application should file his report within the thirty day period to receive the benefit of such report if the claim is determined by the commissioner within that period of time." This case is not controlled by *Lemons*.

Consider now the effect of the filing of the medical report with the Board in the first instance. This, we believe, is permitted by Code, 1931, 23-5-3, as amended. Therein it is provided that the Board, as an alternative to affirming or reversing, may, upon the motion of either party or upon its own motion, for good cause shown, remand the case to the Commissioner for further development. Section 3 also provides that the Board may take evidence or consider ex parte statements furnished in support of a motion to remand. It is of particular significance that the alternative, to remand the case to the Commissioner, and the right of the Board to take evidence or consider ex parte statements for that purpose, are couched in permissive language. The Board *may* remand the case and, in considering whether it should do so, it *may* take evidence or consider ex parte statements. It is of further significance that the right to remand a case for further development is predicated on a showing of good cause.

In the instant case the principal consideration is whether good cause has been shown by the claimant sufficient to warrant the reopening of his claim. That such good cause was not shown before the Commissioner is not disputed. The record reveals that the Board received and considered the claimant's motion to remand, a part of which was the report of the medical examination of the claimant. Although the Board said that it was not bound by any statutory provision to consider ex parte statements, it is evident that the subject medical report was considered and was found to be insufficient to warrant a reopening of the claimant's case.

In the event that a claimant should offer medical evidence before the Appeal Board in support of his motion to remand and the Board is of the opinion that such evidence does in fact show good cause to reopen the case, it may be remanded

to the Commissioner for "a full development and just decision of the case," as provided in Code, 1931, 23-5-3, as amended. In accordance with the provisions of that Code section, the medical report has become a part of the record and is here for this Court's consideration.

The Workmen's Compensation Appeal Board has determined that the claimant has failed to show good cause for reopening his claim, and, upon the entire record, we cannot say that the ruling of the Board is plainly wrong. *Bragg v. State Workmen's Compensation Commissioner*, 152 W.Va. 706, 166 S.E.2d 162; *Dunlap v. Workmen's Compensation Commissioner*, 152 W.Va. 359, 163 S.E.2d 605; *Hosey v. Workmen's Compensation Commissioner*, 151 W.Va. 172, 151 S.E.2d 729.

For the reasons stated in this opinion, the order of the Workmen's Compensation Appeal Board, dated September 10, 1969, is affirmed and this decision will be certified to the Board and to the Workmen's Compensation Commissioner.

*Affirmed.*