181 S.E.2d 278 (1971)
Woodrow WILLARD
v.
STATE WORKMEN'S COMPENSATION COMMISSIONER and Gravely Tractors, Inc.
No. 13065.
Supreme Court of Appeals of West Virginia.
Submitted April 27, 1971.
Decided May 25, 1971.
*279 Franklin W. Kern, Charleston, for appellant.
A. Garnett Thompson, Charleston, for appellees.
HAYMOND, Judge.
This claim for permanent partial disability of Woodrow Willard, herein sometimes referred to as claimant, is here on appeal from an order of the Workmen's Compensation Appeal Board, herein sometimes referred to as the board, entered September 25, 1970, affirming an order of the State Workmen's Compensation Commissioner, herein sometimes referred to as commissioner, entered April 23, 1970, which refused to reopen the claim to determine whether the claimant was entitled to compensation in addition to that previously awarded him.
The claimant was injured on January 30, 1967 while employed by Gravely Tractors, Inc. His injuries were diagnosed as sprain of the lower ribs and the claim was held compensable by the commissioner on May 12, 1967. After a medical examination claimant was granted an award of 10% permanent partial disability by order of September 3, 1968. The claimant protested the award and after a hearing at which medical reports of Doctors Jamison and Viscuse were introduced, the commissioner by order of January 13, 1969, set aside his previous order and increased the award to 15% permanent partial disability.
On March 13, 1970 the claimant, by letter of that date, petitioned the commissioner to reopen and reconsider the claim and consider the letter as a petition for that *280 purpose. The letter stated that the claimant had been reexamined but that he had not received a copy of the doctor's report, but that as soon as it was received it would be filed with the commissioner. By letter dated March 18, the commissioner, by the assistant director of the medical division, acknowledged receipt of the request to reopen the claim and stated that the claim was placed on the calendar file for review on or about April 18, 1970, and that if the medical evidence was received before that date the claim would be given earlier consideration. The report of the doctor was not filed within thirty days from the filing of the application to reopen or at any time before the commissioner, who by Section 16, Article 4, Chapter 23, Code, 1931, as amended, is required to pass upon and determine the merits of the application within thirty days from the filing of the application; and by order of April 23, 1970 the commissioner held that proper showing to reopen the claim had not been made, and refused to reopen the claim.
On June 2, the claim was appealed to the board and on June 3, 1970, pending the appeal, the claimant filed with the board a motion to reopen and remand and a report of the examination of the claimant by Doctor Viscuse on May 4, 1970, which was eleven days after the entry of the final order of the commissioner refusing to reopen the claim. By its final order of September 25, 1970, the board affirmed the order of the commissioner of April 23, 1970, for reasons stated in the opinion of the board which accompanied its order.
Contrary to the statement in the letter of March 13, 1970, which constituted an application to reopen the claim, that the claimant "has had himself reexamined", but that no copy of the doctor's report had been received, the claimant, according to the report of the doctor was not examined by him until May 4, 1970 which was eleven days after the entry of the final order of the commissioner. Without the report there was no evidence of progression or aggravation of the condition of the claimant before the commissioner and the order of the commissioner refusing the application to reopen was clearly right. Furthermore, there is nothing in the record to excuse the relatively long delay in filing the report for the first time on June 3, 1970 with the board in connection with the motion then made to remand the claim.
The statute, Section 3, Article 5, Chapter 23, Code, 1931, as amended, to the extent here pertinent provides that after a review of the case "the board shall sustain the finding of the commissioner or enter such order or make such award as the commissioner should have made, stating in writing its reasons therefor, and shall thereupon certify the same to the commissioner, who shall proceed in accordance therewith. Or, instead of affirming or reversing the commissioner as aforesaid, the board may, upon motion of either party or upon its own motion, for good cause shown, to be set forth in the order of the board, remand the case to the commissioner for the taking of such new, additional or further evidence as in the opinion of the board may be necessary for a full and complete development of the facts of the case. * * *." No cause or reason for the delay in filing the medical report appears anywhere in the record.
Under the statute the appeal board may either hear the case on the evidence which was before the commissioner or take additional testimony, and the hearing before the appeal board is not a review on error but a hearing de novo, Dunlap v. Workmen's Compensation Commissioner, 152 W.Va. 359, 163 S.E.2d 605, or may for good cause shown remand the case to the commissioner as provided by the statute.
In Lemons v. State Compensation Commissioner, 144 W.Va. 171, 107 S.E.2d 362, and in Wilkins v. State Compensation Commissioner, 120 W.Va. 424, 198 S.E. 869, this Court, applying the applicable statute liberally, permitted a medical report, in support of the application to reopen which had been seasonably filed, to be filed after the expiration of the thirty day period from the *281 filing of the application but before the commissioner passed upon and determined the merits of the application. In the opinion in the Lemons case this Court used this cautionary language: "Of course, an injured employee who applies for a further adjustment of his claim and who intends to submit a report of a medical examination in support of the application should file his report within the thirty day period to receive the benefit of such report if the claim is determined by the commissioner within that period of time; but if the application is not passed upon and determined within the thirty day period and the report is subsequently filed and considered by the commissioner in his determination of the merits of the application, the commissioner does not, by reason of such delay, divest himself of jurisdiction to determine the merits of the application. Wilkins v. State Compensation Commissioner, 120 W.Va. 424, 198 S.E. 869."
In the recent case of Backus v. State Workmen's Compensation Commissioner, W.Va., 173 S.E.2d 353, in which, as here, the claimant though filing his application to reopen within the prescribed period of time, did not file the medical report of his examination until after the commissioner, by order entered April 7, 1969, informed the claimant that proper showing for a reopening had not been made and notified the claimant of the thirty day period available in which to appeal the ruling of the commissioner.
The appeal in the Backus case was filed July 16, 1969, and on the following day the claimant filed his motion to reopen and to remand and attached to the motion a report of the examination of the claimant made May 2, 1969. By its order of September 10, 1969, the board affirmed the order of the commissioner which denied a reopening of the claim and in its opinion said: "`The Board is of the opinion that it is not bound by any statutory provision to consider ex parte statements or reports in connection with appeals from rulings of the Commissioner on applications to reopen cases'." In that case this Court held in Point 1 of the syllabus that "The Workmen's Compensation Appeal Board may, in support of a motion to remand, take evidence or consider ex parte statements, including a medical report not theretofore considered by the Workmen's Compensation Commissioner, to determine whether good cause has been shown, sufficient to warrant a remand of the case to the Commissioner."; and in Point 2 that "This Court will not reverse a finding of fact made by the Workmen's Compensation Appeal Board unless it appears from the proof upon which the appeal board acted that the finding is plainly wrong."
In the Backus case, in considering the effect of the filing of the medical report with the board in the first instance, this Court said: "This, we believe, is permitted by Code, 1931, 23-5-3, as amended. Therein it is provided that the Board, as an alternative to affirming or reversing, may, upon the motion of either party or upon its own motion, for good cause shown, remand the case to the Commissioner for further development. Section 3 also provides that the Board may take evidence or consider ex parte statements furnished in support of a motion to remand. It is of particular significance that the alternative, to remand the case to the Commissioner, and the right of the Board to take evidence or consider ex parte statements for that purpose, are couched in permissive language. The Board may remand the case and, in considering whether it should do so, it may take evidence or consider ex parte statements. It is of further significance that the right to remand a case for further development is predicated on a showing of good cause."
The decision in the Backus case is controlling in the decision in this proceeding. In the Backus case the Workmen's Compensation Appeal Board considered the medical report which had not been filed before the commissioner and refused to remand the claim for further development. Here, the board refused to consider *282 the medical report which also had not been filed before the commissioner and denied the motion to remand the claim to the commissioner for a reopening. The action of the board in each instance was within the discretion of the board and in each instance it did not abuse its discretion. To permit a claimant to refrain from filing a medical report of his examination in support of an application to reopen the claim before the commissioner and to delay the filing of the medical report until the filing of a motion to remand upon an appeal to the board would recognize and establish an unsatisfactory and unwarranted procedure in the consideration and the disposition of workmen's compensation claims. To omit to file the report before the commissioner without excuse or justification is unfair to the commissioner in that it prevents him from passing upon and determining the sufficiency of the medical report in the first instance and of necessity requires him to deny the application to reopen for lack of proof, and results in unjustified delay in the disposition of the application to reopen. The claimant in the absence of a showing of good cause, as here, is not entitled to such delay. Here, without the showing of any excuse or reason, the claimant postponed the medical examination of his condition until eleven days after the commissioner had denied the application to reopen because of the absence of proof. In refusing to consider the medical report and to remand the claim to the commissioner for further development the board did not abuse its discretion. Consideration of a medical report in support of an application to reopen a claim for workmen's compensation and of a motion to remand is in the sound discretion of the board, and its ruling in refusing to consider the medical report and in denying the motion to remand will not be disturbed by this Court on appeal unless it clearly appears that such action constituted an abuse of discretion.
The ruling of the Workmen's Compensation Appeal Board in refusing to consider the medical report, in refusing to remand the claim to the commissioner, and in affirming the order of the commissioner which refused to reopen the claim is affirmed; and this decision will be certified to the Appeal Board and to the Commissioner.
Affirmed.