234 S.E.2d 779 (1977)
William HARPER
v.
STATE WORKMEN'S COMPENSATION COMMISSIONER and Semet-Solvay Division, etc.
No. 13786.
Supreme Court of Appeals of West Virginia.
May 17, 1977.
*780 James H. Coleman, Charleston, for appellant.
Spilman, Thomas, Battle & Klostermeyer, Lee F. Feinberg, Charleston, for appellees.
MILLER, Justice:
Claimant, William Harper, appeals the refusal of the Workmen's Compensation Commissioner to reopen his claim, which decision was confirmed by the Workmen's Compensation Appeal Board. We reverse, finding he had shown prima facie cause for a reopening.
Claimant had previously been awarded a 15% permanent partial disability award for occupational pneumoconiosis. In connection with his application for reopening, he submitted a written report from Dr. Leslie J. Borbely, who is associated with the Beckley Mental Health Center, Inc. Dr. Borbely's report outlined the claimant's psychological problems and his physical disabilities, consisting of several minor physical injuries, an arthritic condition, shortness of breath, frequent smothering and some dizziness. Dr. Borbely came to the following conclusion:
"In summary, it appears that we are dealing with a chronic neurotic individual who appears to be highly anxious and his defenses are weakening and heading toward complete decompensation. He has a great deal of difficulty holding on and his contact with reality is becoming quite tenuous. Under stresses certainly he can break down. I feel that this man's physical problem contributed a great deal to his present impairment and if he has an occupational disease such as pneumoconiosis, I would consider the psychiatric impairment as approximately 40%."
It is the view of the Commissioner and the Appeal Board that the doctor's conclusion is not sufficiently precise to demonstrate that the claimant's psychiatric impairment *781 is causally related to his occupational pneumoconiosis condition.
This Court in the past has recognized that a psychiatric disability arising out of a compensable physical injury may also be compensable. Ward v. State Workmen's Compensation Commissioner, 154 W.Va. 454, 176 S.E.2d 592 (1970); Sisk v. State Workmen's Compensation Commissioner, 153 W.Va. 461, 170 S.E.2d 20 (1969); Bare v. State Compensation Director, 148 W.Va. 760, 137 S.E.2d 435 (1964). No attempt was made in these cases to establish even general parameters for this type of impairment, nor is it necessary to do so here.[1]
The single issue presented in this case is the kind or degree of proof required to obtain a reopening of a claim under W.Va. Code, 23-5-1a and -1b.[2]
W.Va.Code, 23-5-1a, provides that an application for reopening of a claim must be in writing, and if it discloses cause for further adjustment, the Commissioner, after due notice to the employer, may make modifications or changes to his former findings. The statute gives to any party dissatisfied with the Commissioner's modification the right to object, at which point the objecting party is entitled to a hearing. W.Va.Code, 23-5-1. This is the standard evidentiary hearing, which is integral to the normal review of the Commissioner's awards or orders. However, the right to the full evidentiary hearing under W.Va. Code, 23-5-1a, is actuated only if the Commissioner takes affirmative action on the application by reopening the claim.
W.Va.Code, 23-5-1b, applies to situations where the Commissioner takes negative action by denying the application for reopening. In this section, rather odd language is used. It begins ". . . if it shall appear to the Commissioner that such application fails to disclose a progression or aggravation in the claimant's condition." It then directs the Commissioner to notify the claimant ". . . that such application fails to establish a prima facie cause for reopening." [Italics supplied]
From this analysis, it can be seen that the requirement of prima facie cause is not a result of direct statutory language stating affirmatively that in order to reopen, the application must demonstrate a prima facie cause of progression or aggravation. It arises by inference through the notification requirement to the claimant that his application is rejected because it fails to establish a prima facie cause.
W.Va.Code, 23-5-1b, contains a further peculiarity in that once the claim is rejected, there is no provision for an evidentiary hearing as set out in W.Va.Code, 23-5-1, and as provided for in W.Va.Code, 23-5-1a. The only recourse left to the claimant, if his application for reopening is rejected by the *782 Commissioner, is that he may apply to the Appeal Board for a review of such decision.
This Court, in Backus v. State Workmen's Compensation Commissioner, 154 W.Va. 79, 173 S.E.2d 353 (1970), confirming prior decisions, held that a prima facie cause is necessary for a reopening. This Court also recognized that a claimant, who had been denied a reopening by the Commissioner could submit, on an appeal to the Appeal Board, a motion to remand by virtue of W.Va.Code, 23-5-3. In connection with such motion, additional evidence or ex parte statements could be filed to support grounds for a reopening. However, Backus made clear that this is only a limited right, since the granting of the motion to remand is in the discretion of the Appeal Board and made only upon the showing of good cause.
We have not found any case where the term "prima facie cause" has been formally defined in a Workmen's Compensation context. The Act itself is silent. Sowder v. State Workmen's Compensation Commissioner, 155 W.Va. 889, 189 S.E.2d 674 (1972), dealt with the evidence necessary to support an initial finding of compensability. It indicated direct evidence was not necessary and the burden of proof could be sustained by circumstantial evidence. It stated the degree of proof is not great:
"Furthermore, it has been held, and we agree, that to establish the validity of a claim in a workmen's compensation case the degree of proof is not as great as that required in the usual action at law; nor are the rules of evidence as rigidly observed. See Code, 1931, 23-1-15; Pennington v. State Compensation Commissioner, 154 W.Va. 378, 175 S.E.2d 440; Whitt v. State Workmen's Compensation Commissioner, 153 W.Va. 688, 172 S.E.2d 375; Morris v. Compensation Commissioner, 135 W.Va. 425, 64 S.E.2d 496; and Pannell v. Compensation Commissioner, 126 W.Va. 725, 30 S.E.2d 129." (155 W.Va. at 893, 189 S.E.2d at 676)
In any construction of the Workmen's Compensation law, we are guided by the numerous decisions of this Court holding that the Act is remedial and should be liberally construed. The liberality rule appears to have its genesis in the initial Workmen's Compensation Act passed in 1913. There, in Chapter 15P, Section 44, an analogous provision to the present W.Va.Code, 23-1-15, the following language is found: " . . . and carry out justly and liberally the spirit of this act."
In Culurides v. Ott, 78 W.Va. 696, 90 S.E. 270 (1916), this Court had its first occasion to construe the foregoing statutory language and mold the liberality rule. This rule continues with unabated force to govern the construction of the Act to the present day, Dunlap v. State Workmen's Compensation Commissioner, W.Va., 232 S.E.2d 343 (1977), even though the statutory phrase "justly and liberally" was omitted from the Compensation Act in 1919, and is not to be found in W.Va.Code, 23-1-15.
The absence of such statutory phrase does not diminish our clear judicial precedent in construing the Act both "justly and liberally." We continue to do so. Certainly the Legislature itself, as recent as 1971, impliedly reinforced the liberality rule when it stated, "It is also the policy of this chapter to prohibit the denial of just claims of injured or deceased workmen or their dependents on technicalities." W.Va.Code, 23-5-3a.
A review of other common evidentiary standards may assist in formulating an appropriate definition for the term "prima facie cause." The term "substantial evidence" is used in the Social Security Act, where it has been held to mean " . . . more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964).
In the ordinary civil action, a prima facie case has been defined to mean nothing more than evidence sufficient to justify, but not to compel, an inference of liability, if the jury so believe. Stewart v. Rudner, 349 Mich. 459, 84 N.W.2d 816 (1975); McDaniel v. Atlantic Coastline R'y., 190 N.C. 474, 130 S.E. 208 (1925).
The Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., has often been viewed *783 as the counterpart of a Workmen's Compensation Act for railroad workers. The United States Supreme Court has established that only a scintilla of evidence is necessary to establish the proximate cause between the employer's negligence and the injury. Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1956); see Harris v. Pennsylvania Railroad Company, 361 U.S. 15, 50 S.Ct. 22, 4 L.Ed.2d 1 (1959); Moore v. Terminal Railroad Association, 358 U.S. 31, 79 S.Ct. 2, 3 L.Ed.2d 24 (1958); Davis v. Burlington Northern, Inc., 541 F.2d 182 (8th Cir. 1976), cert. denied, ___ U.S. ___, 97 S.Ct. 533, 50 L.Ed.2d 613 (1976).
In the context of our Workmen's Compensation Act and with its backdrop of the liberality rule, we conclude that a prima facie cause should mean nothing more than any evidence which would tend to justify, but not to compel, the inference that there has been a progression or aggravation of the former injury.[3] The purpose of the application is to acquaint the Commissioner with new changes in the claimant's condition or new facts which were not considered at the time the Commissioner made his former finding of disability. Once the reopening is granted under W.Va.Code, 23-5-1a, any party has the right to invoke the more formal procedures as set out in W.Va. Code, 23-5-1, to contest the modification and to fully develop all of the relevant issues.
In this case, the Commissioner had before him a medical report which tended to justify the inference that if the claimant had an occupational disease such as pneumoconiosis, the psychiatric impairment could be related to it. From the records before the Commissioner he was aware, as the doctor apparently was not, that the claimant did have a previous award for occupational pneumoconiosis. These facts were sufficient under the foregoing law to require the Commissioner to grant a reopening under W.Va.Code, 23-5-1a.
For the foregoing reasons, the ruling of the Workmen's Compensation Appeal Board is reversed and the case is remanded to the Commissioner for reopening.
Reversed and remanded.
NOTES
[1] For an excellent discussion of the subject, see Larson, Mental and Nervous Disorders in Workmen's Compensation, 23 Vand.L.Rev. 1243 (1970).
[2] W.Va.Code, 23-5-1a: "In any case where an injured employee makes application in writing for a further adjustment of his claim under the provisions of section sixteen, article four [§ 23-4-16] of this chapter, and such application discloses cause for a further adjustment thereof, the commissioner shall, after due notice to the employer, make such modifications or changes with respect to former findings or orders in such claim as may be justified, and any party dissatisfied with any such modification or change so made by the commissioner shall, upon proper and timely objection, be entitled to a hearing, as provided in section one [§ 23-5-1] of this article."

W.Va.Code, 23-5-1b: "If, however, in any case in which application for further adjustment of a claim is filed under the next preceding section [§ 23-5-1a], it shall appear to the commissioner that such application fails to disclose a progression or aggravation in the claimant's condition, or some other fact or facts which were not theretofore considered by the commissioner in his former findings, and which would entitle such claimant to greater benefits than he has already received, the commissioner shall, within sixty days from the receipt of such application, notify the claimant and the employer that such application fails to establish a prima facie cause for reopening the claim. Such notice shall be in writing and shall state the time allowed for appeal to the appeal board from such decision of the commissioner. The claimant may, within thirty days after receipt of such notice, apply to the appeal board for a review of such decision."
[3] This same standard would apply to the alternate ground which justifies a reopening under W.Va.Code, 23-5-1a and -1b, that there is some other fact or facts which were not previously considered by the Commissioner in his former findings. In the context of this case, it is possible that both grounds for reopening would be applicable. The psychiatric disability could be deemed to have evolved after the permanent partial disability award and as a result of the occupational pneumoconiosis disability, or it could have been brought about by the occupational pneumoconiosis disability and overlooked at the time of the initial award.