IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WILLIAM RHOADES,**
**Claimant Below, Petitioner**

**FILED**
**April 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-391**          (JCN: 2022004385)

**ACNR RESOURCES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William Rhoades appeals the August 28, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent ACNR Resources, Inc. ("ACNR") filed a response.[1] Mr. Rhoades did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied a reopening of the claim for additional temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 30, 2021, while employed by ACNR, Mr. Rhoades injured his back when he was lifting an eighty-pound transformer. On August 31, 2021, Mr. Rhoades presented to Wheeling Hospital Emergency Department for an occupational low back injury. An x-ray of Mr. Rhoades' low back revealed advanced degenerative changes in the lumbar spine. Mr. Rhoades reported that he had undergone prior lumbar laminectomies in 2008 and 2011. The assessment was lumbosacral strain.

Mr. Rhoades filed an Employees' and Physicians' Report of Occupational Injury Form dated August 31, 2021, indicating that he sustained a work-related low back injury on August 30, 2021. The physician's portion of the form was completed by a medical provider at the Wheeling Hospital Emergency Department on August 31, 2021. The provider indicated that Mr. Rhoades sustained an occupational injury resulting in a lumbosacral sprain, and an aggravation of a prior lumbar laminectomy. On September 8,

---

[1] Mr. Rhoades is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. ACNR is represented by Aimee M. Stern, Esq.

2021, the claim administrator issued an order holding the claim compensable for strain of muscle, fascia, and tendon of the lower back.

On September 2, 2021, Mr. Rhoades was seen by Elizabeth Snyder, PA, for left-sided low back pain radiating down the left leg following an occupational injury. Mr. Rhoades reported that he had previously undergone back surgery in 2008 and 2011, but he stated that he had no further problems with his back following those surgeries. PA Snyder assessed lumbosacral and left SI joint strains, recommended physical therapy and an MRI of the lumbar spine, and removed Mr. Rhoades from work. Mr. Rhoades underwent a lumbar MRI report on September 9, 2021, revealing stable central canal and foraminal narrowing at L4-L5 and stable foraminal narrowing at L3-L4 and L5-S1.

Mr. Rhoades was seen by Ronald Hargraves, M.D., on November 26, 2021. Dr. Hargraves reviewed Mr. Rhoades' September 9, 2021, MRI and noted advanced disk degeneration at L4-L5 and L5-S1 with multilevel facet arthropathy and moderate stenosis at L4-L5. Dr. Hargraves opined that Mr. Rhoades's current symptoms were due to an exacerbation of the degenerative discs at L4-L5 and L5-S1, and he recommended a referral to the WVU Pain Clinic for further evaluation and treatment.

On May 16, 2022, Mr. Rhoades was evaluated by Prasadarao Mukkamala, M.D. Mr. Rhoades complained of pain and spasms in the left groin, butt cheek, and low back. Dr. Mukkamala found Mr. Rhoades's compensable lumbar strain injury to be at maximum medical improvement ("MMI") and in need of no further medical treatment. Dr. Mukkamala did not believe that Mr. Rhoades would be able to return to his coal mining job, as his functional capabilities were limited to the light physical demand level with restrictions.

Mr. Rhoades was seen by Clark Milton, M.D., on August 3, 2022, for left-sided low back pain with radiation to the lower extremity following an occupational injury. Dr. Milton found that Mr. Rhoades was at MMI but indicated that the estimated period of disability was from August 3, 2022, through September 14, 2022. Mr. Rhoades followed up with Dr. Milton on August 31, 2022. Mr. Rhoades continued to complain of episodes of back discomfort with certain movements but stated that he wanted to return to work. Dr. Milton assessed subacute to chronic low back pain with a history of at least two lumbar surgeries. Dr. Milton recommended a functional capacity evaluation ("FCE") to determine whether Mr. Rhoades was physically capable of performing the functions of the job. Dr. Milton refused to release Mr. Rhoades to return to work until an FCE had been completed.

On October 7, 2022, Mr. Rhoades was seen by Douglas Midcap, D.O. Mr. Rhoades reported that his low back pain had improved, and he requested a return to physical therapy to help him get back to work. Dr. Midcap assessed lumbar back pain, morbid obesity, and bilateral groin pain. Mr. Rhoades followed up with Dr. Midcap on November 3, 2022, and

2

reported that he was doing well in physical therapy and hoped to return to work within the next four weeks. Dr. Midcap assessed bilateral groin pain and lumbar arthropathy. On November 23, 2022, Mr. Rhoades was seen by Dr. Midcap and reported that he was doing much better overall. Dr. Midcap recommended an FCE to determine Mr. Rhoades' functional capabilities before returning to work and he assessed lumbar arthropathy, lumbosacral facet arthropathy, and status post laminectomy. Dr. Midcap indicated that he would complete the necessary paperwork to clear Mr. Rhoades to return to full duty work with no restrictions.

Mr. Rhoades underwent an FCE completed by Edward Perlosky, PT, on December 16, 2022. The FCE revealed that Mr. Rhoades was capable of functioning at a medium/heavy physical demand level and could return to his pre-injury employment. PT Perlosky recommended that Mr. Rhoades continue with physical therapy and a home exercise program.

On December 28, 2022, Mr. Rhoades followed up with Dr. Milton, who noted that Mr. Rhoades had recently completed an FCE indicating that he was capable of functioning at the medium/heavy physical demand level, and that he had just started a strengthening and conditioning program as part of his rehab. Dr. Milton assessed subacute low back pain with a radicular component that seemed clinically improved and a subacute left groin strain. Dr. Milton indicated that Mr. Rhoades would be reevaluated for a return to work once he completed his physical therapy.

By order dated January 13, 2023, the Board reversed the claim administrator's order dated June 24, 2022, which closed the claim for TTD benefits. The Board's order granted Mr. Rhoades TTD benefits through August 3, 2022.

Mr. Rhoades was seen by Dr. Milton on January 18, 2023, and reported that he was participating in physical therapy and a therapeutic exercise program. Mr. Rhoades further reported generalized improvement, but he noted that he still had some restriction in abduction at the hips. Mr. Rhoades denied any increase in his low back symptoms and reported that he thought he was ready to return to work. Dr. Milton assessed subacute low back pain that had subjectively improved and bilateral groin strain, left greater than right. Dr. Milton released Mr. Rhoades to return to full duty work without restrictions on January 24, 2023.

On March 4, 2024, Mr. Rhoades petitioned to reopen his claim for additional TTD benefits. In support of his request, Mr. Rhoades submitted records Dr. Milton, Dr. Midcap, and his physical therapist. A claim reopening form was not included in the appendix record. Mr. Rhoades was deposed on June 3, 2024, and he testified that he injured his low back at work on August 30, 2021. Mr. Rhoades stated that, although his TTD ended on August 3, 2022, he was not able to return to work at that time. Mr. Rhoades testified that he began

receiving physical therapy, not authorized in this claim, and this treatment was the only medical treatment that he received from August 3, 2022, through January 18, 2023. Mr. Rhoades stated that he returned to work on January 18, 2023, and he was able to perform his regular job duties. Mr. Rhoades testified that he was not currently experiencing any symptoms in his back.

On August 28, 2024, the Board affirmed the claim administrator's order denying a reopening of the claim for additional TTD benefits. The Board found that Mr. Rhoades failed to establish an aggravation or progression of the compensable injury or any new facts that would entitle him to additional TTD benefits in the claim. The Board noted that pursuant to West Virginia Code § 23-4-7a TTD benefits are not payable once a claimant reaches MMI, is released to return to work, or actually returns to work. Thus, since Dr. Milton's unrefuted determination that Mr. Rhoades was at MMI on August 3, 2022, and again on September 6, 2022, the Board found no credible medical evidence of entitlement to TTD benefits after August 3, 2022. Mr. Rhoades now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Mr. Rhoades argues that while Dr. Milton did find him to be at MMI on August 3, 2022, Dr. Milton also opined that his period of disability would continue through September 30, 2022. Mr. Rhoades notes that Dr. Milton was unwilling to release him to work until January 24, 2023, and he did not actually return to work until January 18, 2023. Mr. Rhoades further argues that Dr. Milton's finding of MMI was based on Dr.

4

Mukkamala's earlier finding and the medical evidence establishes that both were incorrect in finding MMI at that point. Finally, Mr. Rhoades argues that the Board incorrectly found that all of the diagnoses which prevented him from working were noncompensable, when lumbar back pain, lumbar arthropathy, and lumbosacral facet arthropathy are directly related to the compensable injury.

In order to reopen a claim for TTD benefits, a claimant must show an aggravation or progression of a compensable condition, or facts not previously considered. *See* West Virginia Code § 23-5-2 (2005) and § 23-5-3a (2022).

In *Harper v. State Workmen's Comp. Comm'r.*, 160 W. Va. 364, 234 S.E.2d 779 (1977), the Supreme Court of Appeals of West Virginia held that for a reopening of a workers' compensation claim, "the claimant must show a prima facie cause, which means nothing more than any evidence which would tend to justify, but not to compel the inference that there has been a progression or aggravation of the former injury." *Id.* at 364, 234 S.E.2d at 780, syl.

Here, the Board determined that Mr. Rhoades failed to establish an aggravation or progression of the compensable injury or any new facts that would entitle him to additional TTD benefits in the claim. Dr. Milton and Dr. Mukkamala found Mr. Rhoades at MMI. Dr. Milton also wrote that Mr. Rhoades was disabled. However, the Board was not clearly wrong when it found that Dr. Milton's records indicate the compensable lumbar sprain was at MMI. Dr. Midcap did not comment on whether Mr. Rhoades was at MMI. Moreover, Dr. Midcap's medical records indicate he was treating Mr. Rhoades for non-compensable lumbar back pain, lumbar arthropathy, and lumbosacral facet arthropathy.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Rhoades failed to establish an aggravation or progression of the compensable injury or any new facts that would entitle him to additional TTD benefits in the claim. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order denying a reopening of the claim for additional TTD benefits.

Accordingly, we affirm the Board's August 28, 2024, order.

Affirmed.

**ISSUED:**  April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White