# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**EDWIN ALFRED,**
**Claimant Below, Petitioner**

**FILED**
October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-1581** (BOR Appeal No. 2045859)
(Claim No. 2009074300)

**HOUCHIN CONSTRUCTION LIMITED,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Edwin Alfred, by Robert Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Houchin Construction Limited, by Lynn Photiadis, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 26, 2011, in which the Board reversed an April 12, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's September 7, 2010, decision denying a request to reopen the claim for temporary total disability benefits, and the September 30, 2010, decision denying authorization for a repeat shoulder arthroscopy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Alfred was injured while working for Houchin Construction in November of 2008. The claim was subsequently held compensable for a right shoulder strain. Mr. Alfred underwent a right shoulder arthroscopy, and received physical therapy to treat the compensable injury. On September 7, 2010, the claims administrator denied a request to reopen the claim for temporary total disability benefits. On September 30, 2010, the claims administrator denied a request for authorization of a repeat right shoulder arthroscopy. The Office of Judges reversed the claims

1

administrator's decisions, and held that Mr. Alfred had suffered an aggravation or progression of the compensable injury and was entitled to the requested surgery.

The Board of Review reversed the Office of Judges' Order, and held that Mr. Alfred was not entitled to a reopening of his claim for temporary total disability benefits, nor the requested repeat right shoulder arthroscopy. On appeal, Mr. Alfred argues that the medical evidence establishes that he did suffer an aggravation or progression of the compensable injury which made the requested surgery necessary. Houchin Construction maintains that the record demonstrates that instead of suffering an aggravation or progression, Mr. Alfred has been participating in strenuous activities at home which caused his current condition.

The Board of Review held that Mr. Alfred had not shown a prima facie cause, "which means nothing more than any evidence which would tend to justify, but not to compel the inference that there has been a progression or aggravation of the former injury." *Harper v. State Workmen's Compensation Commissioner,* 160 W.Va. 364, 234 S.E.2d 779 (1977). We disagree. The Office of Judges noted that Mr. Alfred continued to experience pain and problems with pushing, pulling and lifting. It concluded that Dr. Darmelio's opinion that the claim should be reopened given Mr. Alfred's continued complaints was the most persuasive, and that Mr. Alfred had demonstrated an aggravation or progression of the compensable injury. The Office of Judges further found that Dr. Darmelio's records establish that the requested shoulder arthroscopy is medically related and reasonably required medical treatment for the compensable right shoulder strain. We agree with the reasoning and conclusions of the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the claim is remanded with instructions to reinstate the Office of Judges' April 12, 2011, Order.

Reversed and Remanded.

**ISSUED: October 21, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Robin J. Davis