# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 7, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**KELLY R. SPROUSE-BIGLEY,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0082**  (BOR Appeal No. 2046125)
(Claim No. 2006208684)

**CHARLESTON AREA MEDICAL CENTER, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kelly R. Sprouse-Bigley, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Charleston Area Medical Center, Inc., by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 22, 2011, in which the Board affirmed a June 17, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 9, 2010, decision, which denied Ms. Sprouse-Bigley's request for reopening of her claim on a temporary total disability basis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Sprouse-Bigley worked for Charleston Area Medical Center as a registered nurse. On February 13, 2006, Ms. Sprouse-Bigley injured her back and left leg assisting a patient back into bed. She was diagnosed with a thoracic and lumbar sprain and her claim was held compensable for those conditions. Following a course of treatment, Ms. Sprouse-Bigley was evaluated by Dr. Fernandes. Dr. Fernandes found that Ms. Sprouse-Bigley was suffering from several conditions that were not part of the compensable claim, including degenerative changes in her left knee and degenerative disc disease of the lumbar spine. But he determined that she had reached the

1

maximum degree of medical improvement with respect to her thoracic spine. Then following an evaluation by Dr. Crow, Dr. Fernandes issued an addendum report on May 8, 2006, in which he stated that Ms. Sprouse-Bigley had reached the maximum degree of medical improvement with respect to her lumbar spine injury and she would not benefit from any additional treatment or physical therapy. Since that time Ms. Sprouse-Bigley was treated by Dr. Jenkins. In her initial report on June 3, 2010, Dr. Jenkins found that Ms. Sprouse-Bigley had reinjured her left leg and back since she was found to have reached the maximum degree of medical improvement. She also found that Ms. Sprouse-Bigley had gained a significant amount of weight which was contributing to her functional decline. Dr. Jenkins also noted that Ms. Sprouse-Bigley had degenerative disc disease and degenerative arthritis in the left knee. Dr. Jenkins then issued a report on August 8, 2010, stating that Ms. Sprouse-Bigley had been temporary and totally disabled from December 3, 2007 through the present. But Dr. Jenkins stated that she was unable to determine whether any of Ms. Sprouse-Bigley's disabling conditions were related to her compensable injury. Dr. Jenkins also stated that she was unable to determine whether there had been an aggravation or progression of any of Ms. Sprouse-Bigley's compensable conditions. On September 9, 2010, the claims administrator denied Ms. Sprouse-Bigley's application for reopening because her current conditions were chronic and degenerative in nature. On June 17, 2011, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Office of Judges' Order on December 22, 2011, leading Ms. Sprouse-Bigley to appeal.

The Office of Judges concluded that Ms. Sprouse-Bigley was not entitled to a reopening of her claim for consideration of additional temporary total disability benefits in relation to this claim. The Office of Judges found that Ms. Sprouse-Bigley did not meet her burden in showing that she was entitled to have her claim reopened. The Office of Judges found that Ms. Sprouse-Bigley did not present any medical evidence showing a progression or aggravation of a compensable condition or some new facts not previously considered which would entitle her to a greater benefit. The Office of Judges found that even the report of her treating physician, Dr. Jenkins, did not support her application because Dr. Jenkins was not able to determine if there had been an aggravation of her compensable conditions. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Sprouse-Bigley has not demonstrated that she is entitled to have her claim reopened on a temporary total disability basis under West Virginia Code § 23-5-3 (2009). Ms. Sprouse-Bigley has not disclosed any evidence that would tend to justify an inference that there has been a progression or aggravation of her compensable injury. *Harper v. State Workmen's Comp. Comm'r*, 160 W. Va. 364, 364, 234 S.E.2d 779, 780 (1977). Although Ms. Sprouse-Bigley may be experiencing significant medical problems, there is no evidence that her symptoms are related to an aggravation of her compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 7, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II