STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
November 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER
Commissioner Below, Petitioner,**

**vs.)    No. 12-0307**  (BOR Appeal No. 2046185)
                    (Claim No. 2005027687)

**OPAL A. BONECUTTER
Claimant Below, Respondent,**

**and**

**MASON COUNTY BOARD OF EDUCATION,
Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner the West Virginia Office of Insurance Commissioner, by Gary Mazezka, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Opal A. Bonecutter, by Tanya Hunt Handley, her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 2, 2012, in which the Board affirmed a June 30, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 12, 2010, decision denying Ms. Bonecutter's request for chiropractic manipulation, and also reversed the claims administrator's October 12, 2010, decision denying Ms. Bonecutter's request to reopen her claim for further consideration of temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Bonecutter injured her cervical spine and shoulder on January 5, 2005, while lifting boxes of frozen food. The claim was held compensable for displaced cervical intervertebral disc and sprain/strain of the shoulder/arm. On February 3, 2009, Ms. Bonecutter was moving boxes of frozen food when she began experiencing pain in her cervical spine and shoulder. A September 11, 2009, cervical spine MRI revealed multilevel discogenic changes with cord compression at C5-6. On December 1, 2009, Ms. Bonecutter was evaluated by Dr. Weinsweig, who stated that after sustaining an initial injury in January of 2005, Ms. Bonecutter reinjured her cervical spine at work in February of 2009. In a February 18, 2010, deposition Dr. Bitner, Ms. Bonecutter's chiropractor, stated that Ms. Bonecutter's symptoms that began in 2009 are an exacerbation of the injury she sustained in 2005. On October 12, 2010, the claims administrator denied Ms. Bonecutter's request for authorization for chiropractic manipulation and also denied her request to reopen the claim for further consideration of temporary total disability benefits.

In its Order reversing the October 12, 2010, claims administrator's decisions, the Office of Judges authorized chiropractic manipulation and reopened the claim for further consideration of temporary total disability benefits based on a finding that Ms. Bonecutter sustained an aggravation of her January 5, 2005, injury. The West Virginia Office of Insurance Commissioner disputes this finding and asserts that Ms. Bonecutter is not entitled to authorization for chiropractic manipulation because she sustained a new injury on February 3, 2009. The West Virginia Office of Insurance Commissioner further asserts that Ms. Bonecutter is not entitled to a reopening of the claim for further consideration of temporary total disability benefits because she sustained a new injury on February 3, 2009, and because she has exceeded the statutorily permitted number of claim reopening applications.

In *Harper v. State Workmen's Compensation Commissioner,* 160 W.Va. 364, 234 S.E.2d 779 (1977), this Court held: "For purposes of obtaining a reopening . . . , the claimant must show a prima facie cause, which means nothing more than any evidence which would tend to justify, but not to compel the inference that there has been a progression or aggravation of the former injury." The Office of Judges found that the evidence of record demonstrates that Ms. Bonecutter's February 3, 2009, re-injury is an aggravation of the January 5, 2005, injury. The Office of Judges relied on the opinion of Dr. Bitner, and found that she vigorously argued in her deposition that Ms. Bonecutter sustained an aggravation of the January 5, 2005, injury as opposed to a new injury. Further, the Office of Judges found that Ms. Bonecutter's application for temporary total disability benefits is not barred by West Virginia Code § 23-4-16(a)(2) (2005) because, contrary to the West Virginia Office of Insurance Commissioner's assertion, she did not exceed the statutory two-application limit for reopening requests. The Office of Judges found that of the three applications filed, only two request a reopening of the claim for temporary total disability benefits. The Board of Review reached the same reasoned conclusions in its decision of February 2, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 22, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II