STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

November 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS L. TONEY,**
**Claimant Below, Petitioner**

**vs.)  No. 13-0551** (BOR Appeal No. 2047827)
            (Claim No. 2011026055)

**BISHOP BISHOP,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas L. Toney, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bishop Bishop, by Daniel G. Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 25, 2013, in which the Board affirmed a November 2, 2012, Order of the Workers' Compensation Office of Judges. The Office of Judges, in its November 2, 2012, Order, modified the claims administrator's August 21, 2012, decision which denied adding right shoulder strain and tear of the rotator cuff and impingement syndrome as compensable conditions. The Office of Judges affirmed the denial of those diagnoses but added right shoulder strain as a compensable condition of the claim. The Office of Judges also affirmed the claims administrator's August 21, 2012, decision denying Mr. Toney's request for a reopening of his claim on a temporary total disability benefits basis. Finally, the Office of Judges affirmed the claims administrator's August 16, 2012, decision denying a request from Luis Bolano, M.D., for authorization of a right shoulder scope, subacromial decompression, and possible rotator cuff repair. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the decision of the Board of Review is based on a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

1

Mr. Toney was a coal truck driver for Bishop Bishop. On January 31, 2011, Mr. Toney's truck rolled over causing injuries to his right shoulder, right wrist, left shoulder, left side, neck, and head. The claims administrator held his claim compensable for a shoulder strain, hand strain, neck strain, face contusion, scalp contusion, and neck contusion. Following a course of treatment related to his other compensable conditions, Mr. Toney began to complain of right shoulder pain. David S. Parker, D.O., then performed a records review and found that Mr. Toney's right shoulder symptoms were not related to the compensable injury considering that he had a prior history of right shoulder problems. Mr. Toney was then referred to Luis Bolano, M.D., for treatment of his right shoulder. Dr. Bolano diagnosed Mr. Toney with a strain and tear of the right rotator cuff and impingement syndrome. Dr. Bolano initially attempted to treat Mr. Toney's right shoulder symptoms with physical therapy and injections, but he found that these conservative methods failed to relieve Mr. Toney's pain. Dr. Bolano requested that strain and tear of the rotator cuff and impingement syndrome be added as compensable diagnoses. He also requested authorization for a right shoulder scope, subacromial decompression, and possible rotator cuff repair. Dr. Bolano also requested that Mr. Toney's claim be reopened for temporary total disability benefits related to his right shoulder.

Prasadarao B. Mukkamala, M.D., then evaluated Mr. Toney and found that he did suffer an injury to his right shoulder. However, Dr. Mukkamala determined that the injury to his right shoulder was a soft tissue strain that should have resolved. Dr. Mukkamala found that Mr. Toney's request for shoulder surgery was not related to the compensable injury but was related to a degenerative condition in his shoulder. On August 16, 2012, the claims administrator denied authorization for the requested shoulder surgery. On August 21, 2012, the claims administrator denied Dr. Bolano's request to add the additional diagnoses to the claim. In a separate decision on the same day, the claims administrator denied the request to reopen Mr. Toney's claim for additional temporary total disability benefits. On November 2, 2012, the Office of Judges affirmed the claims administrator's August 16, 2012, decision. The Office of Judges also affirmed the claims administrator's August 21, 2012, decision rejecting Mr. Toney's reopening request. The Office of Judges modified the claims administrator's August 21, 2012, decision denying the addition of strain and tear of the rotator cuff and impingement syndrome. It denied the addition of those diagnoses, but it added strain of the right shoulder as a compensable condition of the claim. The Board of Review affirmed the Order of the Office of Judges on April 25, 2013, leading Mr. Toney to appeal.

The Office of Judges concluded that Mr. Toney suffered a right shoulder strain but he did not suffer a sprain or tear of the right rotator cuff or impingement syndrome as a result of the January 31, 2011, accident. In reaching this determination, the Office of Judges relied on the evaluation of Dr. Mukkamala. The Office of Judges considered the treatment notes of Dr. Bolano but found that he provided insufficient evidence to add the requested conditions to the claim. The Office of Judges also concluded that the requested right shoulder scope, subacromial decompression, and rotator cuff repair were not medically related or reasonably required to treat Mr. Toney's compensable conditions. The Office of Judges determined that the surgery was related to Dr. Bolano's diagnoses of right rotator cuff tear and impingement syndrome instead of any compensable condition of the claim. Finally, the Office of Judges concluded that Mr. Toney

2

was not entitled to have his claim reopened for additional temporary total disability benefits. The Office of Judges determined that Mr. Toney's request for additional temporary total disability benefits was based on the diagnoses of rotator cuff tear and impingement syndrome. It found that he had not shown that he experienced a progression of any compensable condition. The Office of Judges also pointed out that Dr. Mukkamala had found that Mr. Toney reached his maximum degree of medical improvement. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

The decision of the Board of Review was based on a material misstatement and mischaracterization of the evidentiary record. Mr. Toney has demonstrated that he suffered a right rotator cuff tear and impingement syndrome in the course of and resulting from his employment during the January 31, 2011, motor vehicle accident. The treatment notes of Dr. Bolano show that Mr. Toney has suffered a right shoulder rotator cuff tear and that this condition is causally related to the compensable injury. Dr. Bolano's diagnosis was reliable, and the Office of Judges did not provide sufficient reasons for disregarding his opinion. Mr. Toney has also demonstrated that the requested right shoulder surgery is medically related and reasonably required to treat his compensable injury. Dr. Bolano's treatment notes demonstrate that Mr. Toney has received conservative treatment which has not sufficiently relieved his right shoulder pain. Finally, Mr. Toney has demonstrated that his claim should be reopened for additional temporary total disability benefits. The evidence in the record indicates that Mr. Toney's current complaints are related to compensable conditions of the claim. It also indicates that Mr. Toney was temporarily and totally disabled related to his right shoulder surgery. This evidence tends to justify an inference that he has suffered a progression or aggravation of his compensable injury. *Harper v. State Workmen's Comp. Comm'r*, 160 W. Va. 364, 370, 234 S.E.2d 779, 783 (1977). His claim should be reopened for consideration of additional temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is based on a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to add right shoulder rotator cuff tear and impingement syndrome as compensable conditions of the claim. The Board of Review is also instructed to grant Mr. Toney authorization for the requested right shoulder scope, subacrominal decompression, and rotator cuff repair and to reopen his claim on a temporary total disability benefits basis.

Reversed and Remanded.


**ISSUED:  November 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II