# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 3, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SANDRA J. ADAMS,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0385** (BOR Appeal Nos. 2048952 & 2048986)
(Claim No. 2013023262)

**WHEELING HOSPITAL, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Sandra J. Adams, by Jonathan C. Bowman, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wheeling Hospital, Inc., by Jennifer B. Hagedorn, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 24, 2014, in which the Board affirmed November 13, 2013, and October 31, 2013, Orders of the Workers' Compensation Office of Judges. In its November 13, 2013, Order, the Office of Judges affirmed the claims administrator's June 4, 2013, decision denying reopening of the claim for temporary total disability benefits. In its October 31, 2013, Order, the Office of Judges affirmed the claims administrator's June 25, 2013, decision denying authorization for right rotator cuff repair. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Adams worked as a cleaning attendant for Wheeling Hospital, Inc. On February 27, 2013, she injured her right shoulder when she tripped on a cart and fell. On that day, Ms. Adams was treated at Wheeling Hospital for right shoulder pain and rotator cuff strain, and she was placed on modified duty with no heavy lifting. The following day, Ms. Adams was examined by Ross A. Tennant, F.N.P. He released Ms. Adams to return to work without restrictions because

1

she indicated that her right shoulder discomfort had significantly decreased after she applied heat to the site of the injury. Ms. Adams also indicated that she was ready to return to work. The claims administrator held the claim compensable. Ms. Adams was then treated by E. Fritz Braunlich, M.D., who diagnosed her with osteoarthritis of the shoulder, which involved the acromioclavicular joint. He found that this restricted her ability to lift her shoulder. He also suspected that this condition had caused right rotator cuff syndrome in both shoulders and possibly a rotator cuff tear in the right shoulder. An MRI was then taken of Ms. Adams's right shoulder, which revealed a tear of the supraspinatus tendon of the rotator cuff. Based on this MRI, Dr. Braunlich recommended that Ms. Adams undergo a right arthroscopic rotator cuff repair. Ms. Adams was then treated at the direction of the claims administrator by C. Clark Milton, D.O., who agreed with Dr. Braunlich that Ms. Adams's ongoing shoulder problems were related to tendinopathy and shoulder disease instead of the compensable shoulder strain. Zaveen Kureishy, M.D., also treated Ms. Adams and found that she was temporarily and totally disabled as a result of her shoulder problems. He found that her need for right shoulder surgery was related to her work injury. On June 4, 2013, the claims administrator denied reopening her claim for temporary total disability benefits. Following this denial, M. Kenamond, M.D., reviewed Ms. Adams's records and determined that Dr. Braunlich's recommendation that she undergo surgery was related to non-compensable and pre-existing conditions. On June 25, 2013, the claims administrator denied authorization for right rotator cuff repair. On October 31, 2013, the Office of Judges affirmed the claims administrator's June 25, 2013, decision. On November 13, 2013, the Office of Judges also affirmed the claims administrator's June 4, 2013, decision. The Board of Review affirmed both Orders of the Office of Judges on March 24, 2014, leading Ms. Adams to appeal.

In its October 31, 2013, Order, the Office of Judges concluded that the requested right rotator cuff repair was not for an injury received in the course of and resulting from Ms. Adams's employment. The Office of Judges determined that the surgery was related to a tear of the supraspinatus tendon of the right shoulder, which was not a compensable condition of the claim. It noted that Dr. Braunlich diagnosed Ms. Adams with a right rotator cuff tear and related the surgery to that diagnosis. However, it also found that the rotator cuff tear was related to osteoarthritis instead of the compensable injury. The Office of Judges based this determination on the opinion of Dr. Milton. The Office of Judges also determined that the remainder of the record indicated that the request for rotator cuff surgery was related to non-compensable conditions.

In its November 13, 2013, Order, the Office of Judges concluded that Ms. Adams had not established that she was unable to return to employment because of her compensable injury. The Office of Judges found that Ms. Adams had not shown that there had been a progression or aggravation of her compensable injury. The Office of Judges found that Dr. Kureishy's report showed that Ms. Adams's continuing disability was related to her right rotator cuff tear and not a compensable condition of the claim. The Office of Judges found that any continuing disability Ms. Adams was experiencing was not due to the compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed both Orders.

2

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Adams has not demonstrated that the requested right shoulder rotator cuff repair is medically related and reasonably required to treat her compensable injury. The treatment notes of Dr. Milton show that Ms. Adams's February 27, 2013, injury was limited to a shoulder strain. Her need for the requested surgery is not related to this condition. Dr. Braunlich's treatment notes show that the surgery is related to a rotator cuff tear that was caused by osteoarthritis and tendinopathy, which are not compensable conditions of the claim. Ms. Adams also has not demonstrated that she is entitled to have her claim reopened for additional temporary total disability benefits. The evidence in the record does not tend to justify an inference that there has been a progression or aggravation of her compensable injury. *Harper v. State Workmen's Comp. Comm'r*, 160 W. Va. 364, 370, 234 S.E.2d 779, 783 (1977). The record shows that Ms. Adams suffered a minor rotator cuff strain on February 27, 2013, and was able to return to work without restrictions on the following day. There is not sufficient evidence in the record relating her current disability to this injury, especially considering that Dr. Braunlich and Dr. Milton both relate her ongoing conditions to osteoarthritis, which is not caused by the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3