# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ANTHONY COSBY,**
**Claimant Below, Petitioner**

**vs.)   No. 14-1281** (BOR Appeal No. 2049592)
                    (Claim No. 2014003420)

**ALPHA NATURAL RESOURCES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Anthony Cosby, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alpha Natural Resources, Inc., by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 19, 2014, in which the Board affirmed a June 30, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 6, 2013, decision denying Mr. Cosby's request to reopen the claim on a temporary total disability benefits basis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to beginning his employment for Alpha Natural Resources, Inc., Mr. Cosby received treatment in Boone Memorial Hospital for an injury he suffered to his right shoulder in July of 2011, when he fell through a porch. X-rays were taken at the time which showed moderate glenohumeral and acromioclavicular joint arthropathy but revealed no fracture or dislocation. An MRI was taken of Mr. Cosby's shoulder two months later which showed signs of tendinopathy and a partial thickness tear of the rotator cuff. Following this injury, Mr. Cosby came under the care of Clark Adkins, M.D., who assessed him for osteoarthritis of the right

shoulder and rupture of the rotator cuff. Dr. Adkins eventually referred Mr. Cosby to Mark D. Henrich, PT, for physical therapy of the rotator cuff. Mr. Henrich worked with Mr. Cosby for a couple of months. He found that Mr. Cosby tolerated the exercises well and was doing better. Around this time, Mr. Cosby also received treatment for his lumbar spine at St. Francis Hospital emergency room. Dina Criniti, D.O., found that Mr. Cosby suffered low and mid back pain. Several months later, at the end of 2012, Dr. Criniti assessed Mr. Cosby again and found that he had a rotator cuff tear that would possibly need surgery.

Several months later, on May 16, 2013, Mr. Cosby was working in the coal preparation plant for Alpha Natural Resources, Inc. He stepped off a platform onto a bucket lid that slipped out from under him. When he attempted to catch himself, he injured his right shoulder. Following this injury, Mr. Cosby was again treated by Dr. Adkins. Dr. Adkins found that Mr. Cosby originally injured his right shoulder two years earlier and had intermittent episodes of pain since that time. Dr. Adkins believed he had ruptured his rotator cuff, and he diagnosed Mr. Cosby with osteoarthritis of the shoulder. Because Mr. Cosby had persistent shoulder pain for several years, Dr. Adkins found that he probably would require surgical repair. Dr. Akdins referred Mr. Cosby to Peter Lukowski, M.D., for an orthopedic surgical consultation. Dr. Lukowski believed that the May 16, 2013, injury aggravated his pre-existing conditions. Mr. Cosby then filed an application for workers' compensation benefits listing rupture of the rotator cuff, sprain of the shoulder, and osteoarthritis of the shoulder as compensable conditions of the claim. The claims administrator initially rejected Mr. Cosby's application for workers' compensation benefits.

Mr. Cosby then had an MRI taken of his right shoulder which revealed acromioclavicular degenerative joint disease, glenohumeral degenerative joint disease, and degenerative subchondral cysts with suspected adjacent tearing of the glenoid labrum along the inferior aspect of the glenoid labrum. Dr. Lukowski found that the MRI showed moderate degenerative joint disease of the acromioclavicular joint. Dr. Lukowski then performed an arthroscopic repair of Mr. Cosby's torn rotator cuff. Following this surgery, the claims administrator issued a corrected decision modifying its prior denial of the claim. The claims administrator held the claim compensable on a no-lost-time basis for a right shoulder strain. It also denied the addition of rupture of the rotator cuff, osteoarthritis of the shoulder, and lumbar sprain as compensable conditions of the claim.[1] Immediately following the acceptance of his claim, Mr. Cosby filed a request signed by Dr. Lukowski that his claim be reopened for temporary total disability benefits from July 24, 2013, to November 1, 2013, to compensate him for the period of disability following his arthroscopic rotator cuff repair. Rebecca Thaxton, M.D., reviewed Mr. Cosby's records and suggested that the claims administrator not authorize treatment for his right shoulder rotator cuff tear because she believed that this condition was pre-existing. On November 6, 2013, the claims administrator denied Mr. Cosby's request to have his claim reopened for temporary total disability benefits related to his rotator cuff surgery. On June 30, 2014, the Office of Judges

_____

[1] The claims administrator's decision was affirmed by the Office of Judges on May 15, 2014, and by the Board of Review on October 27, 2014. In *Cosby v. Alpha Natural Resources, Inc.*, No. 14-1224 (Sept. 16, 2015) (memorandum decision), this Court affirmed the Board of Review's decision.

affirmed the claims administrator's November 6, 2013, decision. The Board of Review affirmed the Order of the Office of Judges on November 19, 2014, leading Mr. Cosby to appeal.

The Office of Judges concluded that the compensable injury only involved a right shoulder strain and that the subsequent shoulder surgery was necessitated by Mr. Cosby's pre-existing osteoarthritis. The Office of Judges found that Mr. Cosby had significant pre-existing shoulder problems, and even though it was clear that he sustained a new injury on May 16, 2013, the evidence in the record only supported holding the claim compensable for a shoulder strain. It found that Mr. Cosby's subsequent shoulder surgery, which caused him to be temporarily and totally disabled from July 24, 2013, to November 1, 2013, was not related to the compensable injury. The Office of Judges found that Dr. Lukowski's operative notes showed that the surgery was related to the extensive degenerative changes in his shoulder and rotator cuff. The Office of Judges found that this degeneration could not have developed because of the compensable injury. The Office of Judges also noted that Mr. Cosby had been treated for right shoulder problems prior to the date of the compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Cosby has not demonstrated that he is entitled to have his claim reopened for temporary total disability benefits. He has not presented any evidence that would tend to justify an "inference that there has been a progression or aggravation of the former injury." *Harper v. State Workmen's Comp. Comm'r*, 160 W. Va. 364, 370, 234 S.E.2d 779, 783 (1977). The evidence in the record shows that Mr. Cosby's current disability is not related to the compensable injury but is instead related to his prior right shoulder problems and resulting osteoarthritis. Although Mr. Cosby underwent surgery that rendered him temporarily and totally disabled, he has not presented any credible evidence that this surgery was necessitated by the compensable injury. The treatment notes of Dr. Adkins demonstrate that Mr. Cosby's right shoulder rotator cuff tear pre-existed the compensable injury, and the notes from Dr. Criniti show that Mr. Cosby needed surgery for this condition several months before he suffered the compensable right shoulder strain. Because Mr. Cosby's right rotator cuff tear was symptomatic prior to the date of the compensable injury, it is apparent that the compensable injury did not aggravate his pre-existing condition.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Justice Brent D. Benjamin, disqualified