# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 7, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TIMMY SMITH,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0483** (BOR Appeal No. 2049953)
                    (Claim No. 2013012433)

**CONSTELLIUM BV,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Timmy Smith, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Constellium BV, by Joshua K. Boggs, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 24, 2015, in which the Board affirmed an October 15, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 15, 2014, decision denying a request to reopen the claim for temporary total disability benefits and to add cervical stenosis as a compensable condition of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Smith worked as a fork truck driver for Constellium BV. On October 10, 2012, Mr. Smith suffered a whiplash injury when the wheel of his fork truck fell off. Mr. Smith worked the next day and then went on vacation for seven days. He returned to work for at least three days, but he began to feel weakness in his arms and legs. On October 26, 2012, Mr. Smith sought treatment for his neck from Jackson General Hospital. An MRI taken at the time did not reveal any cervical abnormality. Regardless, Mr. Smith filed an application for workers' compensation

benefits. The physician's section of the application indicated that he had suffered a work-related neck strain. It also stated that Mr. Smith was instructed to remain off work. The claims administrator initially rejected Mr. Smith's application for benefits.

Following this rejection, Mr. Smith received treatment from his family physician, Robert Tayengco, M.D., who found that he complained of neck pain radiating into his shoulders as well as numbness in his hands and feet. Dr. Tayengco found that Mr. Smith should remain off work. He believed that Mr. Smith's hand numbness was related to his neck injury. Mr. Smith also was treated by Michael Shramowiat, M.D., who found that he had complaints of pain and numbness in his upper and lower extremities. Dr. Shramowiat also had electromyography and nerve conduction studies taken of Mr. Smith's upper extremities, and he diagnosed Mr. Smith with carpal tunnel syndrome, bursitis of the right hip, right shoulder impingement, low back pain, and tibial neuropathy.

By Order dated November 12, 2012, the claims administrator rejected Mr. Smith's application for workers' compensation benefits. The Office of Judges then reversed the claims administrator's decision. The Office of Judges concluded that Mr. Smith sustained a neck sprain on October 10, 2012. Based on the Office of Judges' Order, the claims administrator held the claim compensable for a cervical sprain. In its decision, the claims administrator excluded the diagnoses related to Mr. Smith's left shoulder as compensable conditions of the claim. It also held that Mr. Smith was not entitled to temporary total disability benefits because he was not disabled for over three days as required under West Virginia Code of State Rules § 85-1-5 (2009).[1] Following this decision, Mr. Smith was again treated by Dr. Tayengco, who believed that he had cervical spine stenosis as well as neuropathy of the arm and leg. He noted that Mr. Smith complained of neck pain, arm weakness, leg weakness, lack of coordination, and headaches. Dr. Tayengco found that Mr. Smith had been temporarily and totally disabled since October of 2012 and requested that his claim be reopened for benefits based on these symptoms. Dr. Tayengco stated that Mr. Smith's arm and leg neuropathy related to the compensable injury, but he did not provide a narrative explanation to support his conclusions. Thomas Scott, M.D., then performed an independent medical evaluation of Mr. Smith. He found that Mr. Smith showed no indication of atrophy. Dr. Scott could not determine if his subjective complaints of neuropathy were related to the compensable injury. Dr. Scott noted that Mr. Smith did not begin experiencing neuropathy until several days after the compensable injury. Dr. Scott did not believe that Mr. Smith's inability to work was related to the October 10, 2012, injury.

On May 15, 2014, the claims administrator denied Mr. Smith's request to reopen the claim on a temporary total disability benefits basis. The claims administrator also denied the addition of cervical stenosis as a compensable condition of the claim. Following this decision, Mr. Smith testified by deposition. He stated that the whiplash caused immediate pain in his neck and he subsequently developed pain in his shoulder. Mr. Smith testified that he did not return to work after October 26, 2012, because of the numbness in his hands and feet. He alleged that he

---

[1] On August 5, 2014, the Office of Judges affirmed this claims administrator decision. The Board of Review affirmed the Office of Judges' Order on January 28, 2015, and Mr. Smith appealed the Board of Review's decision to this Court. This appeal is currently before the Court in *Smith v. Constellium BV*, No. 14-0170.

could not currently perform his old job. However, he admitted that he had an old injury to his left shoulder. On October 15, 2014, the Office of Judges affirmed the claims administrator's May 15, 2014, decision. The Board of Review affirmed the Office of Judges' Order on April 24, 2015, leading Mr. Smith to appeal.

The Office of Judges concluded that Mr. Smith did not demonstrate that cervical stenosis should be added as a compensable condition or that the claim should be reopened for temporary total disability benefits. The Office of Judges found that there was no objective diagnostic evidence in the record showing that Mr. Smith had cervical stenosis. The Office of Judges noted that radiculopathy was not revealed on the electromyography or nerve conductions studies in the record. It also noted that the diagnostic evidence revealed that Mr. Smith had carpal tunnel syndrome, which was not related to the compensable cervical strain. The Office of Judges also determined that the narrative medical evidence from Dr. Tayengco and Dr. Shramowiat did not provide a sufficient causal connection between Mr. Smith's whiplash injury and the diagnosis of cervical stenosis. It noted that Mr. Smith had arthritis and chronic shoulder pain prior to the compensable injury. The Office of Judges also determined that Mr. Smith's inability to work was not related to the compensable injury. The Office of Judges noted that it had previously denied his request for temporary total disability benefits. Finally, the Office of Judges relied on the assessment of Dr. Scott and determined that Mr. Smith's inability to work was not related to the compensable cervical strain. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Smith has not demonstrated that the diagnosis of cervical stenosis is causally related to the compensable injury. Mr. Smith has not presented any objective diagnostic evidence supporting the diagnosis of cervical stenosis. The electromyogram and nerve conduction study did not reveal any signs of cervical radiculopathy. There is also no narrative medical evidence demonstrating how Mr. Smith developed cervical stenosis because of the compensable injury. Even though Dr. Tayengco assessed Mr. Smith for cervical stenosis and requested that the condition be added to the claim, he does not provide an explanation relating the condition to the October 10, 2012, whiplash injury. He also does not reference any objective medical evidence to support the diagnosis. Dr. Shramowiat also does not provide any evidence supporting the diagnosis.

Mr. Smith has not demonstrated that he is entitled to have his claim reopened for additional temporary total disability benefits. Mr. Smith has not presented any evidence that would tend to justify "the inference that there has been a progression or aggravation of the former injury" such that he would be entitled to additional temporary total disability benefits. *Harper v. State Workmen's Comp. Comm'r*, 160 W. Va. 364, 370, 234 S.E.2d 779, 783 (1977). There is evidence in the record that Mr. Smith has significant health problems. However, he has not presented sufficient evidence that his current disability is related to an aggravation or progression of his compensable injury. His complaints include headaches as well as numbness and weakness in his arms and legs. Even if Mr. Smith established that these conditions prevent him from returning to work, he has not established that these symptoms are related to the compensable injury. The evaluation of Dr. Scott indicates that Mr. Smith's current disability is

not related to the compensable injury, and the Office of Judges was justified in relying on his opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 7, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II