# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ALPHA METALLURGICAL RESOURCES, INC.,**
**Employer Below, Petitioner**

**FILED**
**June 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-94**          (JCN: 2022000289)

**JOSHUA JENKINS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Alpha Metallurgical Resources, Inc. ("Alpha") appeals the February 9, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Joshua Jenkins filed a timely response.[1] Alpha did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which denied a reopening of the claim for temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 29, 2019, while employed as a fire boss for Alpha, Mr. Jenkins suffered a workplace injury to his lower back when he removed a rock from a roadway. Mr. Jenkins attempted to continue working despite his injury, but sought treatment on July 19, 2021, when he was seen at MedExpress. Mr. Jenkins complained of lower back pain. Mr. Jenkins returned to MedExpress on July 26, 2019, and reported that his back pain had improved. Mr. Jenkins was found to be at maximum medical improvement and released to work with no restrictions.

On July 27, 2021, the claim administrator issued an order holding the claim compensable for lumbar sprain. The claim administrator issued an order dated August 30, 2021, closing the claim for temporary total disability ("TTD") benefits.

---

[1] Mr. Jenkins is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Alpha is represented by H. Dill Battle III, Esq.

1

Mr. Jenkins was seen by Rocky Sexton, D.C., on November 22, 2021. Mr. Jenkins reported constant sharp pain in his left side, pain radiating into his left hip, and numbness. The claim administrator issued an order dated December 2, 2021, approving treatment for Mr. Jenkins' lumbar spine by Dr. Sexton at Integrity Chiropractic. On December 9, 2021, Mr. Jenkins returned to see Dr. Sexton, complaining of numbness in the left side of his face, left arm, and back.

On December 20, 2021, Mr. Jenkins completed a Claim Reopening Application. Dr. Sexton completed the physician's portion of the application on December 22, 2021. Dr. Sexton opined that Mr. Jenkins' current low back pain with left leg pain, numbness, and weakness and numbness in bilateral toes was related to the compensable injury. On January 6, 2022, the claim administrator issued an order holding reopening the claim for TTD benefits pending the report of an independent medical evaluation.

Mr. Jenkins was seen by Prasadarao Mukkamala, M.D., on January 10, 2022, for an independent medical evaluation. Mr. Jenkins reported that he had back pain and numbness of the first and second toes on his left foot. Dr. Mukkamala opined that Mr. Jenkins sustained a lumbar sprain from which he had reached maximum medical improvement ("MMI"). Dr. Mukkamala further opined that the current chiropractic treatment should be discontinued, as there was no indication that any additional such treatment was medically necessary. Dr. Mukkamala averred that Mr. Jenkins could return to work with no restrictions.

James Dauphin, M.D., issued a Physician Review report dated January 19, 2022. Dr. Dauphin reviewed Mr. Jenkins' medical records and the reports of Drs. Mukkamala and Sexton. Dr. Dauphin noted that Dr. Mukkamala found Mr. Jenkins to be at MMI and had recommended no further treatment. Dr. Dauphin further noted Mr. Jenkins' gap in treatment from July to November and opined that Mr. Jenkins' symptoms were not related to the compensable lumbar sprain, but rather to degenerative disc disease. On January 20, 2022, the claim administrator issued an order which denied reopening the claim for TTD benefits and denied authorization for additional chiropractic treatment[2] based on the report of Dr. Dauphin. Mr. Jenkins was released to return to work with no restrictions on January 27, 2022, by Dr. Sexton.

On May 3, 2022, Mr. Jenkins was deposed. He testified that after his injury on June 29, 2021, he continued working, but tried to avoid heavy lifting. Mr. Jenkins stated he returned to full duty on July 26, 2021, and his job included heavy labor and lifting. Mr. Jenkins testified that he continued to have pain and numbness in his left leg, and he was seen by Dr. Sexton for a second opinion. Mr. Jenkins was taken off work beginning December 1, 2021, through January 27, 2022. He testified that he has not missed any

---

[2] It is unclear from the record the date that the authorization for chiropractic treatment was submitted by Dr. Sexton.

additional work due to ongoing symptoms from the compensable injury since returning to work. Mr. Jenkins testified that during his time off work, he did not believe he could have performed the heavy duties his job required.

Dr. Sexton issued a letter dated June 9, 2022, averring that the physical demands of Mr. Jenkins employment complicated his recovery. Dr. Sexton opined that Mr. Jenkins was temporarily disabled from December 1, 2021, through January 10, 2022.

On February 9, 2023, the Board issued an order which reversed the claim administrator's order, reopened Mr. Jenkins' claim for TTD benefits from December 1, 2021, through January 10, 2022, and thereafter, as substantiated by proper medical evidence, and authorized chiropractic treatment. Alpha now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Alpha argues that the Board improperly weighed the evidence, which Alpha alleges proves that Mr. Jenkins reached MMI for the compensable diagnosis of a simple soft tissue sprain of the lumbar spine. Alpha further argues that the reliable medical evidence demonstrates that the reopening for TTD benefits and chiropractic treatment were in reference to symptoms that are definitionally unrelated to a soft tissue sprain. We disagree.

The Supreme Court of Appeals of West Virginia defined the standard to reopen a claim as a "showing of a prima facie cause, which means nothing more than any evidence which would tend to justify, but not compel, the inference that there has been a progression

3

or aggravation of the former injury." Syl. *Harper v. State Workmens' Comp. Comm'r*, 160 W. Va. 364, 234 S.E.2d 779 (1977).

Here, the Board found that Mr. Jenkins established an aggravation of his compensable injury to justify the reopening of TTD benefits from December 1, 2021, through January 10, 2022. The Board noted that no physician found Mr. Jenkins to be at MMI prior to January 10, 2022. The Board further noted that Mr. Jenkins attempted to return to work at his heavy labor job, and it found his testimony regarding his injury and chiropractic treatment to be credible. The Board further found that Mr. Jenkins established that the requested chiropractic treatment was reasonable and necessary treatment for his compensable injury to reduce his back pain, muscle spasms, and reduce numbness.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Jenkins established an aggravation of his compensable injury after his return to work and that he was temporarily and totally disabled from December 1, 2021, through January 10, 2022. Further, the Board did not err in finding that Mr. Jenkins established that the requested chiropractic treatment was reasonable and necessary treatment for his compensable injury.

Finding no error in the Board's February 9, 2023, order, we affirm.

Affirmed.

**ISSUED:** June 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4