# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Jessie Toler,**
**Claimant Below, Petitioner**

**vs.)**   **No. 22-0391**   **(**BOR Appeal No. 2057373)
   (JCN:  2018008142)

**Carly Leasing, Inc.,**
**Employer Below, Respondent**


# MEMORANDUM DECISION


Petitioner Jessie Toler appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Respondent Carly Leasing, Inc. filed a timely response.[1] The issue on appeal is a reopening for permanent partial disability benefits. The claims administrator reopened the claim only for petitioner's right foot injury on April 7, 2021. By order entered on July 26, 2021, the Workers' Compensation Office of Judges ("Office of Judges") reversed the claims administrator's order and reopened the claim for both petitioner's left shoulder injury and his right foot injury. By order entered on April 27, 2022, the Board of Review reversed the Office of Judges and reinstated the claims administrator's decision. Upon our review, we determine that oral argument is unnecessary and that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for reversal in a memorandum decision rather than an opinion. See W. Va. R. App. P. 21.

Petitioner, a truck driver employed by respondent, was in a motor vehicle accident in the course of and resulting from his employment on March 12, 2016. Petitioner sustained a head laceration and suffered injuries to the left thoracic ribs, left shoulder (broken clavicle), and right foot. The claim was held compensable.

Before petitioner's claim was initially closed, the Office of Judges granted petitioner 3% permanent partial disability on December 3, 2018, based upon the August 24, 2018, report of Prasadarao B. Mukkamala, M.D. Dr. Mukkamala assigned 2% impairment for the left shoulder, after apportioning to account for a preexisting condition, and 1% impairment for the right foot. The OOJ determined that Dr. Mukkamala's report was more persuasive than the April 17, 2018, report of Robert B. Walker, M.D., who assigned a total of 9% impairment to petitioner's compensable injuries (2% for healed rib fractures and 7% for the left shoulder injury with no

---

[1]Petitioner is represented by Reginald D. Henry, and respondent is represented by Daniel G. Murdock.

mention of apportionment). The Office of Judges found that Dr. Walker's impairment rating was unreliable because he erroneously applied Section 5.3 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("AMA *Guides*") to provide petitioner 2% impairment for petitioner's healed rib fractures. Neither party appealed the Office of Judges' December 3, 2018, order granting 3% permanent partial disability based upon Dr. Mukkalama's report.

However, on April 1, 2021, petitioner applied to reopen the claim for additional permanent partial disability benefits and submitted a second report from Dr. Walker. Dr. Walker reevaluated petitioner on March 5, 2021. Like in 2018, Dr. Walker provided 2% impairment for petitioner's healed rib fractures even though the Office of Judges earlier ruled in this case that such an impairment rating was an unreliable misapplication of Section 5.3 on pages 163 and 164 of the AMA *Guides*. Regarding petitioner's other compensable injuries, Dr. Walker found that the head laceration caused no permanent impairment but assigned petitioner 2% impairment for severe headaches without linking those headaches to the head laceration. For the left shoulder injury, Dr. Walker assigned petitioner 8% impairment based upon table 3, page 20 of the AMA *Guides* As Dr. Walker did in 2018, he took measurements for the uninjured right shoulder for comparison. However, in 2021, Dr. Walker addressed the bilateral shoulder impairment, stating that "[t]here is no evidence on which to base apportionment to [the] pre-existing injury." Dr. Walker's 2021 report also differed from his 2018 report by providing an impairment rating for the right foot injury. Dr. Walker found that there was 4% impairment of the right foot. Therefore, Dr. Walker combined 2% impairment for healed rib fractures, 2% impairment for headaches, 8% impairment for the left shoulder, and 4% impairment for the right foot to produce an overall rating of 16% impairment.

The claims administrator reopened the claim only for petitioner's right foot injury on April 7, 2021. The claims administrator determined that Dr. Walker's 2021 report justified a reopening for the right foot injury but not for any of the other injuries included in the claim. Petitioner protested the claims administrator's April 7, 2021, decision.

In its July 26, 2021, order, the Office of Judges reversed the claims administrator's April 7, 2021, decision. The Office of Judges found that Dr. Walker's 2021 report constituted a new report that was not the subject of litigation during the initial determination of permanent partial disability. However, Dr. Walker's rating of 2% impairment for healed rib fractures was determined to be unreliable in the earlier litigation. The Office of Judges found that the headaches, for which Dr. Walker provided an impairment rating for the first time in 2021, did not constitute a compensable condition. On the other hand, in the 2021 report, Dr. Walker recommended a higher level of impairment for the left shoulder than the amount included in the permanent partial disability award the Office of Judges ordered in December of 2018. The Office of Judges also found that the claim should be reopened for consideration of additional permanent partial disability benefits for the right foot injury, a condition for which Dr. Walker did not provide a rating in 2018. Therefore, the Office of Judges concluded that Dr. Walker's 2021 report justified a reopening for the left shoulder injury and the right foot injury.

The Board of Review reversed the Office of Judges' July 26, 2021, order on April 27, 2022. The Board of Review found that Dr. Walker's range of motion measurements for the left shoulder

from 2018 and 2021 were identical to each other. Therefore, the Board of Review determined that Dr. Walker's 2021 report failed to justify a reopening for additional permanent partial disability benefits with regard to the left shoulder injury. Accordingly, the Board of Review reinstated the claims administrator's April 7, 2021, decision reopening the claim only for the right foot injury.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision effectively represents a reversal of a prior ruling of either the Workers' Compensation Commission or the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. *See* W. Va. Code §§ 23-5-15(c) & (e). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we find that the Board of Review was clearly wrong based upon the evidentiary record even when all inferences are resolved in favor of the Board's decision. Pursuant to the Workers' Compensation Act, West Virginia Code §§ 23-1-1 to 23-6-3, to reopen a claim, "the claimant must show a prima facie cause, which means nothing more than any evidence which would tend to justify, but not to compel the inference that there has been a progression or aggravation of the former injury." Syl., *Harper v. State Workmen's Comp. Comm'r*, 160 W. Va. 364, 234 S.E.2d 779 (1977). The Office of Judges did not reopen the claim with regard to all of the conditions Dr. Walker rated in his 2021 report. While Dr. Walker again assigned 2% impairment for healed rib fractures, that impairment rating was deemed unreliable earlier in this case as it represented a misapplication of Section 5.3 on pages 163 and 164 of the AMA *Guides* to a condition Section 5.3 did not cover. Dr. Walker assigned 2% for headaches for the first time in 2021, but nothing in Dr. Walker's 2021 report suggested a link between the headaches and petitioner's head laceration which, according to Dr. Walker, caused no permanent impairment.

Of the two remaining conditions (left shoulder and right foot), the Board of Review reinstated the claims administrator's decision reopening the claim only for the right foot injury. Dr. Walker did not provide an impairment rating for the right foot injury until 2021, and that rating showed more impairment than the 1% impairment Dr. Mukkamala gave petitioner for that condition. The Board of Review reversed the Office of Judges' order because the Board of Review found that Dr. Walker's range of motion measurements for the left shoulder from 2018 and 2021 were identical to each other. In both 2018 and 2021, Dr. Walker's range of motion measurements produced an impairment rating of 8% on table 3 on page 20 of the AMA *Guides*.[2] However, Dr. Walker's 2021 report included a finding regarding shoulder impairment that was not in his 2018 report. In 2021, Dr. Walker addressed apportionment by opining that there was no evidence on

---

[2]In his 2018 report, Dr. Walker made a mistake in applying table 3, page 20 of the AMA *Guides* and assigned 7% impairment for the left shoulder even though, based upon Dr. Walker's measurements, petitioner should have been given 8% impairment on table 3.

which to apportion the bilateral shoulder impairment.[3] Thus, Dr. Walker now states that all of the impairment found in the left shoulder is attributable to the compensable injury. Under *Harper*, that finding is sufficient to justify reopening the claim for the left shoulder injury. Therefore, the Board of Review was clearly wrong in reversing the Office of Judges' July 26, 2021, order, which reopened the claim for both the right foot injury and the left shoulder injury.

Reversed.

**ISSUED: January 31, 2024**


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton

**DISSENTING:**

Justice C. Haley Bunn

BUNN, Justice, dissenting:

I dissent to the majority's resolution of this matter because I would have affirmed the Board of Review's decision denying claimant's application for reopening of his claim for his left shoulder injury. I believe the Board of Review's conclusion that Mr. Toler failed to establish a progression of his left shoulder injury is not "clearly wrong based upon the evidentiary record" and should have been affirmed. W. Va. Code § 23-4-15(e). Accordingly, I respectfully dissent.

---

[3]West Virginia Code § 23-4-9b provides that, unless there is a total permanent disability, a preexisting disease or injury "shall not be taken into consideration in fixing the amount of compensation allowed by reason of the subsequent injury."