# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DONALD R. ENDICOTT,**
**Claimant Below, Petitioner**

**FILED**
**October 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.)  No. 25-ICA-147**          (JCN: 2023016774)

**ACNR RESOURCES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donald R. Endicott appeals the March 11, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent ACNR Resources, Inc. ("ACNR") timely filed a response.[1] Mr. Endicott did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied Mr. Endicott's request to reopen the claim for temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Endicott completed an Employees' and Physicians' Report of Occupational Injury or Disease form dated March 7, 2023. Mr. Endicott indicated that he sustained an injury to his right shoulder from picking up straps on March 6, 2023. Per the physicians' section of the form, Mr. Endicott sustained a right shoulder sprain as a direct result of an occupational injury.

Also on March 7, 2023, Mr. Endicott was seen at MedExpress. Mr. Endicott presented with right shoulder pain after picking up a strap on March 6, 2023. The physical examination of the cervical spine revealed normal range of motion. The assessment was pain in the right shoulder joint and a sprain of the right shoulder.

On April 8, 2023, Mr. Endicott underwent an MRI at Reynolds Memorial Hospital, which revealed a small full-thickness partial width tear of the distal supraspinatus tendon and an abnormal intra-articular portion of the long head of the biceps tendon.

---

[1] Mr. Endicott is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. ACNR is represented by Aimee M. Stern, Esq.

1

Mr. Endicott was seen by Frederic Pollock, M.D., at CAMC Orthopedic Trauma Group on April 25, 2023. Mr. Endicott reported that he could not move his arm without extreme pain. Dr. Pollock assessed right shoulder pain and recommended physical therapy. On the same date, Mr. Endicott underwent an x-ray of the right shoulder, which revealed no acute fractures, no dislocation or subluxation, mild degenerative changes, small glenoid osteophytes, mild sclerosis of the greater tuberosity, degenerative changes associated with rotator cuff pathology, and small bony exostosis of the inferior clavicle at the coracoclavicular ligament.

On July 26, 2023, Mr. Endicott underwent an MRI of the right shoulder, which revealed a split tear in the long head of the biceps tendon in the bicipital groove, a low grade partial tear of the supraspinatus tendon, mild supraspinatus and infraspinatus tendinopathy, loss of normal fat signal in the rotator interval suggestive of adhesive capsulitis, and mild edema-like signal in the distal clavicle, which could represent a stress related change or a contusion. On October 12, 2023, Mr. Endicott underwent an x-ray of the right shoulder, which revealed mild glenoid and acromioclavicular joint osteoarthritis.

Mr. Endicott began treatment with Chad Lavender, M.D., on January 25, 2024. Mr. Endicott presented with neck and right shoulder pain, and Dr. Lavender noted that Mr. Endicott had significant radicular symptoms with numbness and tingling in the right upper extremity. The assessment was cord compression of the cervical spine with associated radiculopathy and possible rotator cuff tendinopathy. Dr. Lavender indicated that he could not fully make the diagnosis because he did not have the MRI records.

On February 27, 2024, the claim administrator held the claim compensable for an incomplete rotator cuff tear and rupture of the right shoulder based on a request submitted by Dr. Pollock. By separate order, also dated February 27, 2024, the claim administrator reopened the claim for temporary total disability ("TTD") benefits.

Mr. Endicott followed up with Dr. Lavender regarding his right shoulder pain and neck pain on February 29, 2024. Dr. Lavender assessed cervicalgia with multilevel spondylosis and adhesive capsulitis of the right shoulder. Dr. Lavender opined that no surgical intervention was needed for the right shoulder. After a review of the MRI of the cervical spine and right shoulder, Dr. Lavender opined that Mr. Endicott's symptoms were related to the cervical spine. Dr. Lavender recommended an evaluation by Jeffery Kim, M.D.

By order dated March 7, 2024, the claim administrator authorized twenty-eight sessions of physical therapy for the right shoulder. By order dated April 3, 2024, the claim administrator denied cervical radiculopathy as a compensable condition in the claim. Mr. Endicott protested this order to the Board.

On May 30, 2024, Prasadarao Mukkamala, M.D., performed an independent medical evaluation of Mr. Endicott, who presented with pain in the right shoulder and numbness in the right hand. Dr. Mukkamala diagnosed a strain of the right shoulder and opined that Mr. Endicott had reached maximum medical improvement ("MMI") from the compensable injury. Dr. Mukkamala opined that Mr. Endicott did not require any additional diagnostic studies or treatment.

Dr. Lavender completed a Physical Work Capabilities form dated June 3, 2024, which stated that Mr. Endicott had not reached MMI for the compensable injury. Dr. Lavender reported that Mr. Endicott could return to full duty work with no restrictions beginning on June 5, 2024.

By order dated July 12, 2024, the claim administrator closed the claim for TTD benefits because additional evidence was not received substantiating the continuation of benefits. Mr. Endicott protested this order to the Board.

Mr. Endicott followed up with Dr. Lavender on September 30, 2024, regarding his right shoulder. Dr. Lavender noted that Mr. Endicott had cervical changes on his MRI and that injections and therapy were tried. Mr. Endicott reported that he did not have any cervical problems before the compensable injury. Dr. Lavender assessed cervicalgia and right shoulder impingement with a long head of the biceps tendon tear. Dr. Lavender indicated that most of Mr. Endicott's symptoms were coming from his neck and recommended that he be excused from work for the next two months.

Mr. Endicott submitted a Claim Reopening Application dated September 30, 2024, which requested additional TTD benefits. Dr. Lavender reported a diagnosis of cervical radiculopathy and opined that Mr. Endicott had sustained an aggravation or progression of his disability since being released to return to employment. Dr. Lavender opined that Mr. Endicott was TTD from March 7, 2023, through June 4, 2024, and from September 30, 2024, through December 2, 2024. Dr. Lavender opined that the cervical injury was a direct result of the injury covered by the claim.

On November 14, 2024, Mr. Endicott was deposed regarding his claim. Mr. Endicott testified that he saw Dr. Lavender on September 30, 2024, because his right arm would hardly move due to pain. Mr. Endicott stated that since he went off work on September 30, 2024, his condition had worsened. On cross-examination, Mr. Endicott testified that Dr. Lavender took him off work because of pain that started in his neck and moved down into his right shoulder and arm. Mr. Endicott stated that he had neck pain at the time of the deposition.

Mr. Endicott was seen by Dr. Kim on November 15, 2024. Mr. Endicott reported right-sided neck pain that radiated into the shoulder and down the arm with severe pain in the elbow. The assessment was cervical stenosis, cervical radiculopathy, and right shoulder

pain. Dr. Kim recommended that Mr. Endicott continue with orthopedics for shoulder management and see pain management for an evaluation of the cervical spine.

On December 2, 2024, Dr. Mukkamala issued a supplemental report regarding Mr. Endicott's claim. After reviewing additional records, Dr. Mukkamala remained of the opinion that Mr. Endicott had reached MMI for the compensable injury and that his cervical spine symptoms were not causally related to the compensable injury. Dr. Mukkamala opined that there was no credible medical evidence that Mr. Endicott had sustained an aggravation or progression of the compensable right shoulder injury. Further, Dr. Mukkamala indicated that Mr. Endicott was not temporarily and totally disabled.

By order dated January 15, 2025, the Board affirmed the claim administrator's order dated April 3, 2024, which denied cervical radiculopathy as a compensable condition in the claim and denied authorization for pain management.[2] The Board found that Mr. Endicott did not establish that cervical radiculopathy is causally related to the compensable injury or to the events which caused the compensable injury.

By order dated March 11, 2025, the Board affirmed the claim administrator's October 3, 2024, order that denied reopening of the claim for TTD benefits. The Board found that Mr. Endicott did not establish an aggravation or progression of the compensable injury or facts not previously considered, which would entitle him to additional TTD benefits. It is from this order that Mr. Endicott now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;

---

[2] In *Endicott v. ACNR Resources, Inc.*, No. 25-ICA-68, 2025 WL 2491259 (W. Va. Ct. App. Aug. 29, 2025) (memorandum decision) this Court affirmed the Board's January 15, 2025, order, which denied the addition of cervical radiculopathy as a condition in the claim.

4

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Endicott argues that the Board was clearly wrong in affirming the claim administrator's denial of his request to reopen the claim for TTD benefits. Further, Mr. Endicott asserts that Dr. Lavender is the medical professional of record in the best position to determine whether he experienced an aggravation and/or progression of his condition. Finally, Mr. Endicott avers that he had no history of cervical radiculopathy, and thus, his March 6, 2023, injury must be considered the triggering event that caused him to develop cervical radiculopathy. We disagree.

In order to reopen a claim for TTD benefits, a claimant must show an aggravation or progression of a compensable condition, or facts not previously considered. *See* W. Va. Code § 23-5-2 (2005) and § 23-5-3a (2022). Moreover, in *Harper v. State Workmen's Compensation Commissioner*, 160 W. Va. 364, 234 S.E.2d 779 (1977), the Supreme Court of Appeals of West Virginia held that for a reopening of a workers' compensation claim, "the claimant must show a prima facie cause, which means nothing more than any evidence which would tend to justify, but not to compel the inference that there has been a progression or aggravation of the former injury." *Id*. at 364, 234 S.E.2d at 780, syl.

Here, the Board determined that Mr. Endicott failed to establish an aggravation or progression of the compensable injury or any new facts that would entitle him to additional TTD benefits in the claim. The Board found that the reopening application completed by Dr. Lavender was based on the diagnosis of cervical radiculopathy. However, the only compensable components of the claim are related to the right shoulder. The Board did not err in finding that Mr. Endicott is unable to return to work due to his non-compensable cervical condition, rather than the compensable injury. Further, Dr. Mukkamala found Mr. Endicott to be at MMI for the compensable right shoulder injury on May 30, 2024. In his brief, Mr. Endicott states that the outcome of this appeal will turn on the outcome of the appeal decided by this court in *Endicott v. ACNR Resources, Inc*., No. 25-ICA-68, 2025 WL 2491259 (W. Va. Ct. App. Aug. 29, 2025) (memorandum decision), in which we affirmed the Board's denial of the addition of cervical radiculopathy as a condition in the claim. We agree. Since cervical radiculopathy was not added to his claim, the Board's decision to affirm the claim administrator's denial of TTD benefits was not clearly wrong.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Endicott failed to establish an aggravation or progression of the compensable injury or facts not previously considered which would entitle him to additional TTD benefits. As set forth by the Supreme Court of Appeals of West Virginia, "[t]he 'clearly wrong' and the 'arbitrary

and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order denying a reopening of the claim for additional TTD benefits.

Accordingly, we affirm the Board's March 11, 2025, order.

Affirmed.

**ISSUED:** October 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White